---

(No. 14752.—Reversed and remanded.)
FRANK SHOMIDE, Defendant in Error, *vs.* W. A. BREWERTON, Plaintiff in Error.

*Opinion filed December 19, 1922—Rehearing denied Feb. 8, 1923.*

1. .PRACTICE—*when court loses jurisdiction of non-resident defendant under section 6 of Practice act.* Where a non-resident defendant has been joined with resident defendants in an action on the case for personal injuries, the giving of a peremptory instruction to find the resident defendants not guilty is, within the meaning of section 6 of the Practice act, such a dismissal of the case as to said defendants as deprives the court of jurisdiction to proceed against the non-resident defendant on the original process.

2. SAME—*when privilege against being sued in another county is not waived.* The right of a defendant to be sued in the county where he resides is not waived until he has had an opportunity to plead it, and if he is sued in another county where the other defendants reside his right is presented in time by a motion to quash the summons after dismissal of the suit as to resident defendants.

3. SAME—*dismissal of suit is not necessarily the act of plaintiff.* The dismissal of a suit is not necessarily the act of the plaintiff, and section 6 of the Practice act, which precludes judgment against a non-resident defendant if the suit is dismissed as to resident defendants, is not limited to a dismissal by the plaintiff.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

BROWN, HAY & STEPHENS, for plaintiff in error.

WILLIAM J. LAWLER, and JOHN G. FRIEDMEYER, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

Frank Shomide began an action on the case for personal injuries against W. A. Brewerton and three others in the circuit court of Sangamon county. All the defendants but Brewerton were residents of Sangamon county and were served with process there. Brewerton was a non-resident of Sangamon county and was served with process in Cook county. Defendants appeared and filed the general issue. On the trial, at the close of the plaintiff's evidence, each of the three defendants except Brewerton made a motion that the court instruct the jury to find him not guilty, and the motions were allowed. Thereupon Brewerton, the remaining defendant, entered a motion that the service had upon him be quashed and the action dismissed since he was a resident of Cook county. This motion was denied and evidence was introduced on behalf of the defendant, a verdict was rendered finding him guilty and assessing the plaintiff's damages at $1750. On motion for a new trial the plaintiff remitted $500, the motion was overruled and judgment was entered against the defendant for $1250. This judgment. was affirmed by the Appellate Court, and upon the petition of defendant Brewerton a writ of *certiorari* was awarded to·bring the record before us for review.

The errors assigned question the action of the circuit court in denying the motion to quash the summons and dismiss the action and in rendering judgment against the plaintiff in error.

Section 6 of the Practice act provides: "It shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides or may be found, except in local actions, and except that in every species of personal actions in law where there is more than one defendant, the plaintiff commencing his action where either of them resides, may have his writ or writs, issued directed to any county, or counties where the other defendant, or either of

them may be found: *Provided,* that if a verdict shall not be found or judgment rendered against the defendant or defendants, resident in the county where the action is commenced, judgment shall not be rendered against those defendants who do not reside in the county, unless they appear and defend the action, nor then if the action is dismissed as to the defendant, or defendants, resident in the county." The evident purpose of the statute is to protect the defendant against being sued out of the county where he resides or may be found except upon joint causes of action, where he is so sued with residents of the county in which the action is brought. If a verdict shall not be found or judgment rendered against the resident defendants in such a case, judgment shall not be rendered against the non-resident defendants,—that is, unless there actually is a joint cause of action the resident defendants who are discharged of liability in the action cannot be used to retain jurisdiction of the non-resident defendants. The section prior to 1907 was section 2 and omitted the words, "nor then if the action is dismissed as to the defendant, or defendants, resident in the county," (Laws of 1877, p. 146,) so that practically the section gave a person no protection against being sued out of his county. If he failed to appear and defend and his co-defendant made default or failed in his defense, judgment would go against the foreign defendant together with the resident defendant, but if he appeared and defended he submitted to the jurisdiction of the court. Section 2 was a delusion, for whether he appeared or not, the defendant sued out of his county was obliged to submit his person to the jurisdiction of the court in the foreign county in spite of the provision of the statute. It was to obviate this condition that the amendment of 1907 was added, that even though the defendant sued out of his county should appear and defend the action, judgment should not be rendered against him if the action were dismissed as to the defendant or defendants resident in the county.

In effect the defendant in error insisted, and the Appellate Court held, that the dismissal mentioned in the statute is a dismissal of the resident defendant by the plaintiff after having joined him for the purpose of procuring service on the non-resident and then proceeding against the latter alone. It was held that the "amendment could not have been intended to apply to cases where suit is brought in good faith against a resident defendant and with a reasonable show of recovery and when such resident defendants are not dismissed from the case but are relieved from liability by the verdict of a jury on a trial of fact," and the defendant in error has argued that the three resident defendants were, in fact, liable, although that question was decided against him on the motion to instruct the jury and no cross-errors have been assigned on the ruling. If the section refers only to a dismissal by the plaintiff, the amendment is a useless thing and accomplishes no purpose whatever. The plaintiff has only to let his cause go to its submission to the jury and the non-resident defendant has no way to escape submission to the action outside the county where he resides or may be found,—the thing against which the section purports to secure him.

Dismissal is not necessarily the act of the plaintiff. Actions are constantly dismissed by the court, and the instruction to find the defendant not guilty was a dismissal of the case as to the defendants named, within the meaning of this statute, which disposed of the case as completely as a technical order of dismissal as to them. The statute says nothing about the good faith of the plaintiff in joining the resident defendants, but makes the jurisdiction over the non-resident defendant depend upon the outcome of the case as to the residents. So far as this record is concerned, it conclusively appears that there was no liability on the part of the resident defendants, and it is hardly to be supposed that it was the duty of the trial court, on deciding that there was no cause of action, to enter upon a trial of the

question whether the plaintiff thought there was or whether he had cause to think so.

It is objected that the defendant's right to be sued in the county where he resides or may be found is a privilege which is waived unless raised by plea; that a motion to quash the summons because the defendant is a non-resident is properly denied when not made at the earliest moment; and that the motion to quash the service and dismiss the case could not be made until the plea of the general issue should be withdrawn. It was impossible to plead the defendant's privilege when he was summoned, together with three resident defendants. In such case he had no privilege not to be sued out of the county where he resided or might be found, and the privilege did not exist until the case against his co-defendants was dismissed by the court's sustaining their motion to instruct the jury to find them not guilty. Therefore, also, plaintiff in error could not make a motion to quash the summons or service at an earlier time. It would doubtless have been more in conformity with technical rules of practice to obtain leave to withdraw the plea of the general issue and to plead to the jurisdiction, but in this case there was no disagreement about the facts. They are conceded in the brief of the defendant in error. The court was advised of them as fully as if they had been set out in a plea, and should have acted in conformity with the real rights of the parties by quashing the service of summons. The plaintiff in error had no right to have the suit dismissed. He may be served with an *alias* summons should he be found in the county.

The judgment will be reversed and the cause remanded to the circuit court, with directions to quash the service of summons.

*Reversed and remanded, with directions.*