[Civ. No. 4921. Fourth Dist. Mar. 17, 1955.]

WALTER I. DAUGHERTY, Respondent, v. EDWARD KAPLAN et al., Defendants; JOHN D. BOYLE, Appellant.

Mason A. Bailey for Appellant.

Truman F. Campbell and B. W. Gearhart for Respondent.

MUSSELL, J.—The complaint in this action was filed in Fresno County and appellant, who was named as a defendant therein and was a resident of Madera County, filed a motion for change of place of trial to the county of his residence. The motion was denied by the trial court and this appeal followed.

It is conceded that the action is transitory and that in such an action the county in which the defendants, or some of them, reside at the commencement of the action, is the proper county for the trial thereof. (Code Civ. Proc., § 395.) It is also conceded that the defendants Jack D. Green, Lucille B. Green and Jessie D. Green are residents of Fresno County.

Appellant contends that a plaintiff may not fix venue in a county by naming residents as parties defendant without stating a cause of action against them; that no cause of action is stated against the three Fresno County residents named as defendants and that they were joined as parties defendant to prevent the transfer of the cause to the county of appellant's residence.

■ In *Kraft* v. *Innis*, 57 Cal.App.2d 637, 640 [135 P.2d 29], the rule is stated that:

" 'When none of several defendants resides in the county where the action is brought, they have a right, upon showing that fact—the action being one properly triable in the county of defendants' residence—to have the venue changed to the county where some or all of them reside. ■ But a defendant may not have the action changed to the county of his residence in the absence of a showing that none of the other defendants is a resident of the county in which the action was brought, even though all the defendants join in the demand or consent to the change. In such case the causes will be retained if any of the defendants reside in the county of venue, provided the complaint attempts in apparent good faith to state a cause of action against the defendant or defendants in whose county of residence the action is commenced; and the subsequent dismissal of some of the defendants does not give the right to a change where the complaint as originally filed stated in good faith a cause of action against them.' "

■ And in *Freeman* v. *Dowling*, 219 Cal. 213, 216 [25 P.2d 980], the court stated:

"Upon a motion for a change of venue, however, if the allegations do no more 'than shadow forth the semblance of a cause of action' they are 'proof against assault upon the ground that they' are 'sham and frivolous.' (*McClung* v. *Watt*, 190 Cal. 155 [211 P. 17].) The more recent case of *Mills* v. *Brown*, 205 Cal. 38, 41 [269 P. 636], quotes with approval from the McClung case as follows: 'It is enough, however, upon the hearing and determination of the demand for a change of venue, that the cause of action purported to be stated against the corporation defendant was apparently pleaded in good faith and is not, *prima facie*, so glaringly and vitally defective as to be beyond correction by amendment.' "

In *Gottesfeld* v. *Richmaid Ice Cream Co.*, 115 Cal.App.2d 854, 856 [252 P.2d 973], the court restated the rule announced in *Freeman* v. *Dowling, supra,* and further held that:

"In determining the question whether the resident defendant has been joined solely for the purpose of having the action tried in the county of his residence 'the real issue for determination by the trial court was whether plaintiff, in joining the resident defendant as a party, had reasonable grounds for the belief in good faith that the plaintiff had

a cause of action against the resident defendant.' '' (Citing cases.)

It is alleged in the complaint herein that plaintiff is a licensed real estate broker; that defendants Jack D. Green, Lucille B. Green and Jessie D. Green resided and now reside in Fresno County; that said defendants were the lessees in possession of and had the right and option to purchase real property situated in Madera County known as the ''Adobe Motel'' and owned by defendants Edward Kaplan and Mary B. Kaplan; that pursuant to said right and option to purchase said Adobe Motel and on or about August 15, 1951, defendants Jack D. Green, Lucille B. Green and Jessie D. Green employed plaintiff to find a purchaser and to sell said Adobe Motel; that plaintiff and said defendants entered into an agreement in writing by the terms of which said defendants agreed to pay plaintiff as commission for his services 5 per cent of the selling price; that pursuant to said agreement plaintiff found a purchaser who agreed to buy the property for $190,000; that said purchaser, Jerome Steinbaum, opened an escrow, signed escrow instructions and deposited $500 with a title company; that defendants Edward Kaplan and Mary B. Kaplan were fully advised of said sale and gave their approval and consent thereto; that defendant John D. Boyle, who was an attorney, represented the Kaplans and the Greens in said sale; that he fraudulently conspired with the Kaplans to eliminate the Greens from said sale and make a direct sale to Jerome Steinbaum and thereby cheat and defraud plaintiff out of his commission; that Boyle prepared a cancellation of the lease and option and a 60-day option agreement, which cancellation and option were executed on August 30, 1951, by the Greens by reason of the false representations of Boyle that said documents were necessary to expedite said sale; that thereafter defendant Steinbaum delayed in the performance of his agreement with plaintiff and defendants for the purchase of the motel until the said 60-day option had expired; that Steinbaum subsequently withdrew from said agreement; that as a result of said fraud and conspiracy the defendants Green were deprived of their right to sell the motel and were therefore incapable of performing their agreement with plaintiff; that as a result of said conspiracy the Kaplans were able to and did in fact effect a direct sale of the property to Steinbaum; that by reason of the premises plaintiff has been deprived of a commission amounting to $9,500 and has suffered damages in said sum.

The facts pleaded in the complaint are sufficient to show that plaintiff attempted in good faith to state a cause of action against the defendants Jack D. Green, Lucille B. Green and Jessie D. Green. It further appears that the purported cause of action "is not *prima facie* so glaringly and vitally defective as to be beyond correction by amendment."

The order denying the motion for change of venue is affirmed.

Barnard, P. J., and Griffin, J., concurred.