PER CURIAM.
This is an Interlocutory Appeal from an order dated May 1, 1970, denying the appellants’ motion for a change of venue.
The. complaint was first filed in Flagler County but was later dismissed voluntarily. A new suit was filed in Volusia County wherein the defendants were a Deputy Sheriff of Flagler County, the Sheriff of Flagler County and an insurance company insuring the Deputy Sheriff and Sheriff, and two other people alleged to be residents of Volusia County. A motion for change of venue from Volusia County to Flagler County was filed and dismissed by the trial court on the ground that there were defendants residing in Volusia County. The insurance company also filed a motion to sever which was also denied.
Before this case was set for trial, the defendants alleged as being residents of Vo-lusia County, were dismissed from the suit. The remaining defendants again filed a motion for change of venue, pointing out that the remaining defendants were residents of Flagler County and that the cause of action accrued in Flagler County, and that the Sheriff and Deputy Sheriff had a right to be sued in their official capacity in the County of their residency. At a hearing before the court on this last motion, the plaintiff dismissed the Sheriff from the suit, thereby leaving only the Deputy Sheriff and the insurance company.
In the transcript of the hearing held before the court in support of the first motion for change of venue, the trial judge said that he thought there was more justice to be had from a cross-country jury (Volu-sia County) not knowing any of the participants than would be found in Flagler County. This same point was raised by the plaintiff in objection to the second motion for change of venue, pointing out he could not get a fair hearing because of the influence over the minds and inhabitants of the County by the Sheriff and Deputy Sheriff.
F.S. Section 47.101, F.S.A., provides for a change of venue if a party moving therefor states that he believes he cannot get a fair trial because of the undue influence on the minds of the inhabitants of the County. The change of venue under this Statute is discretionary with the trial court. It is usually the defendant who makes the request for change of venue, but by the same token it would appear that the trial court could follow the wording of the Statute which says “any party”, which is not limited to the defendant.
In this case, it is true that the plaintiff has dismissed all parties defendant she thinks might give the defendants a right for such change of venue as provided for in F.S. Section 47.011, F.S.A. It does give us some concern that a plaintiff may include enough defendants to justify the laying of venue in the County which the plaintiff thinks would be more susceptible to his cause of action, and thereafter, after having fixed venue, dismissing such defendants. In this case, there is no charge that the plaintiff was guilty of any wrongdoings naming the defendants who were bona fide residents of Volusia County and were dismissed upon accord and satisfaction.
In view of the trial court’s comments about the plaintiff being better able to get justice from Volusia County, and in further view of the fact that the same trial judge would preside, irrespective of where *490 the venue would be layed, we feel that the trial court did not commit error in denying the change of venue. The order appealed from is affirmed and the Interlocutory Appeal is dismissed.
JOHNSON, C. J., and RAWLS and SPECTOR, JJ., concur.