366 So.2d 827 (1979)
Michael MAGEE, a Minor, by and through His Mother, Natural Guardian, and Next Friend, Margaret McGowan, and Margaret McGowan, Individually, Appellants,
v.
LIBERTY MUTUAL INSURANCE COMPANY, Keith A. Reilly, and Modern Welding Company, a Foreign Corporation, Appellees.
No. 78-592.
District Court of Appeal of Florida, Fourth District.
January 24, 1979.
Larry Klein and Cone, Owen, Wagner, Nugent, Johnson & McKeown, West Palm Beach, for appellants.
Marjorie D. Gadarian of Jones, Paine, & Foster West Palm Beach, for appellees.
RIVKIND, LEONARD, Associate Judge.
This is an interlocutory appeal from an order of the trial court which transferred the case from Palm Beach County to Glades County, Florida, upon appellees' Motion to Dismiss or to Transfer. This case is a personal injury action arising out of the alleged negligent operation of a boat by appellee, Keith A. Reilly, and owned by appellee, Modern Welding Company. Appellee, Liberty Mutual Insurance Company, was joined as insurer. The complaint alleged that Reilly was a Florida resident, that Modern Welding Company was a Kentucky corporation, and that the accident occurred "... on the Rim Canal, approximately one mile east of Moore Haven, within the confines of the State of Florida ..." The motion filed by appellees alleged that the accident occurred in Glades County, that Modern Welding Company was a foreign corporation which did not do business in Florida, nor did it have an office or place of business in Palm Beach County, and that Reilly was not a resident of Palm Beach County. The motion was unsworn and there were no affidavits or other proof sufficient to support the allegations of the motion. The election of venue is initially with the plaintiffs. Assuming the complaint does not affirmatively show that venue is lacking, the burden of pleading and proving improper venue is upon the defendants. The allegations of the unsworn motion to dismiss or to transfer were never established by sworn proof before the trial court. We reverse. Davis v. Dempsey, 343 So.2d 950 (Fla. 3d DCA 1977); Florida Forms, Inc. v. Barkett Computer Services, Inc., 311 So.2d 730 (Fla. 4th DCA 1975); Stolley & Associates, Inc. v. Lawrence, 243 So.2d 446 (Fla. 4th DCA 1971).
REVERSED.
DOWNEY, C.J., and BERANEK, J., concur.