444 So.2d 1162 (1984)
James E. VANCE, M.D. and Raymond & Vance, P.A., Appellants,
v.
David MINTON, As Personal Representative of the Estate of Marie V. Minton, Appellee.
No. 83-2295.
District Court of Appeal of Florida, Third District.
February 14, 1984.
*1163 Stephen, Lynn, Chernay, Klein & Zuckerman and Robert Klein, Miami, for appellants.
Rossman & Baumberger and Robert D. Peltz, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
SCHWARTZ, Chief Judge.
The issue in this case is whether an action in which venue is initially properly laid against co-defendants who are respectively residents of the forum and another county must be transferred when the local defendant is voluntarily dismissed after settlement. We agree with the trial court's conclusion that the remaining defendant is not then entitled as of right to a change of venue to the county of his residence.
The case began when Marie Minton died in Palm Beach County as an alleged result of the medical malpractice of both Dr. Boruchow, a resident of Dade County, and one of the present appellants, Dr. Vance, a resident of Palm Beach County. Mrs. Minton's estate filed a wrongful death action against both physicians and Dr. Vance's professional association[1] in Dade County pursuant to Section 47.021, Florida Statutes (1981), which provides:
Actions against two or more defendants residing in different counties may be brought in any county in which any defendant resides.
After two years of litigation, including extensive discovery proceedings, and during the period in which the case was set for trial, the plaintiff settled with Dr. Boruchow for his $100,000 liability insurance limits and voluntarily dismissed him from the lawsuit. Immediately thereafter, Dr. Vance and his P.A., the only remaining defendants, moved to transfer the case to Palm Beach County, contending that Section 47.021 no longer applied and that they were entitled to that relief under Section 47.011, Florida Statutes (1981),[2] which did. That section states:
47.011 Where actions may be begun
Actions shall be brought only in the county where the defendant resides, where the cause of action accrued,[[3]] or where the property in litigation is located. This section shall not apply to actions against nonresidents.
The trial judge denied the motion and this appeal under Fla.R.App.P. 9.130(a)(3)(A) followed.
We affirm upon the holding that if  as was obviously and concededly the case here  a local or resident defendant is made a party in good faith at the outset of the litigation, his subsequent voluntary (or involuntary) dismissal does not affect the propriety of the initial venue so as to require that the action be transferred to the defendant's home county. We reach this determination for a variety of reasons. First, while there is far from a unanimity of opinion on the question, see 77 Am.Jur.2d Venue §§ 33-34 (1975); 92 C.J.S. Venue § 96b. (1955) the apparent majority and, we believe, the better reasoned of the cases which have passed upon it under statutes similar to Florida's have adopted this rule. It was summarized as follows in the factually identical case of New Biloxi Hospital, Inc. v. Frazier, 245 Miss. 185, 146 So.2d 882, 885 (1962):

*1164 Where an action is properly brought in a county in which one of the defendants resides, it may be retained notwithstanding there is a dismissal of the resident defendant, provided the following exists  the action was begun in good faith in the bona fide belief that plaintiff had a cause of action against the resident defendant; the joinder of the local defendant was not fraudulent or frivolous, with the intention of depriving the non-resident defendant of his right to be sued in his own county; and there was a reasonable claim of liability asserted against the resident defendant.
Accord, Daugherty v. Kaplan, 131 Cal. App.2d 567, 281 P.2d 43 (1955); Boucher v. Steffes, 160 Mont. 482, 503 P.2d 659 (1972); Rakestraw v. Norris, 478 S.W.2d 409 (Mo. App. 1972); Shaw v. Stiles, 13 N.C. App. 173, 185 S.E.2d 268 (1971); contra, e.g., Campbell v. Southern Bell Tel. & Tel., 161 Ga. App. 62, 288 S.E.2d 919 (1982); Vanover v. Stonewall Casualty Co., 289 S.E.2d 505 (W. Va. 1982); see generally, Annot., Venue Depending on Joinder, 93 A.L.R. 949 (1934).
The only prior Florida case which considers a similar situation is strongly in accord with the present result. In Iseminger v. Morris, 249 So.2d 488 (Fla. 1st DCA 1971), the court rejected a claim, identical to the one asserted here, that, after settlement of a Volusia County action with the only Volusia County defendants, the remaining Flagler County co-defendants, the sheriff and a deputy, were entitled to a transfer to Flagler County. While the opinion is based in part on the possibility that the plaintiff could not receive a fair trial in Flagler County and that Section 47.101 Fla. Stat. (1981) was therefore implicated, it was stated, in language fully reflective of the view we adopt here:
It does give us some concern that a plaintiff may include enough defendants to justify the laying of venue in the County which the plaintiff thinks would be more susceptible to his cause of action, and thereafter, after having fixed venue, dismissing such defendants. In this case, there is no charge that the plaintiff was guilty of any wrongdoing naming the defendants who were bona fide residents of Volusia County and were dismissed upon accord and satisfaction. [e.s.]
249 So.2d at 489.[4]
It is of preeminent significance that the statutory language itself, the proper interpretation of which is the key to the resolution of the instant problem, specifically refers to the venue privilege as attaching only when the action is "begun," as stated in the title of Sec. 47.011, or "brought," Secs. 47.011, 47.021, expressions universally regarded as equivalent to "commenced." 5 Words and Phrases, "Begun" (1968); 5A Words and Phrases, "Brought" (1968); Turkett v. United States, 76 F. Supp. 769, 770 (N.D.N.Y. 1948); see Shaw v. Stiles, supra. Furthermore, in contrast to the statutory scheme in other states, there is no provision for a subsequent, post-commencement determination of the venue issue and a consequent transfer or dismissal when there is a change in the parties defendant. Cf., e.g., Shomide v. Brewerton, 306 Ill. 365, 137 N.E. 881 (1922); see and compare also 28 U.S.C.A. § 1446 (1977) (permitting removal to federal court after it appears that action "has become removable" through dismissal of non-diverse party).
Finally, in rejecting the appellants' contentions, we are not uninfluenced by the utter and unjustified chaos which would ensue were that position carried to its logical and necessary conclusion. If the venue privilege is altered whenever the resident party is eliminated from the action, it follows that it must be transferred or dismissed even, as some courts have actually held, in the midst of trial if a verdict is directed for that defendant, or after it is *1165 over, if the jury finds in his favor. E.g., Nelson v. Sandell, 202 Iowa 109, 209 N.W. 440 (1926); University of Louisville v. Metcalfe, 216 Ky. 339, 287 S.W. 945 (1926). We decline to countenance such a result, particularly when, on the other hand, the appellants' announced concern over the potential for the abuse of the joinder privilege is met by enforcing the "good faith" condition. Compare New Biloxi Hospital, Inc. v. Frazier, supra, (denying change of venue because resident defendant sued in good faith) and Daugherty v. Kaplan, supra, (same) with Jefferson v. Magee, 205 So.2d 281 (Miss. 1967) (changing venue because resident defendant not joined in good faith) and Gottesfeld v. Richmaid Ice Cream Co., 115 Cal. App.2d 854, 252 P.2d 973 (1953) (same). In addition, any complaint that an action proceeding solely against a non-resident defendant is unduly burdensome may be obviated by a motion under the forum non conveniens statute, Sec. 47.122, Fla. Stat. (1981).[5]
Affirmed.
NOTES
[1] Since the P.A. has its only office in Palm Beach County, its presence does not affect the issue involved here. Sec. 47.051, Fla. Stat. (1981).
[2] Dr. Vance did not invoke Sec. 47.122 Fla. Stat. (1981) under which actions may be transferred "for the convenience of the parties or witnesses or in the interest of justice." See note 5, infra.
[3] Under our view of the case, we need not consider the plaintiff's claim that the cause of action against Dr. Vance "accrued" in Dade County. See A-1 Truck Service, Inc. v. Kivenas, 371 So.2d 495 (Fla. 1st DCA 1979); Gaboury v. Flagler Hospital, Inc., 316 So.2d 642 (Fla. 4th DCA 1975).
[4] The Iseminger case is described, perhaps too broadly, in Massey, Civil Procedure, 28 U.Miami L.Rev. 257, 271 (1974) as holding that:

if venue is properly laid in the county where one of multiple defendants resides, the subsequent dismissal of that defendant does not alone require a transfer. [footnote omitted]
[5] While such a motion may be made at any time, it is also true that as in this instance, see note 3, supra, the further the case proceeds in the original forum, the less the likelihood that the court should exercise its discretion under the statute to transfer the case and necessarily begin again. See, Alcoa Steamship Co., Inc. v. M/V Nordic Regent, 654 F.2d 147 (2d Cir.1981), cert. denied, 449 U.S. 890, 101 S.Ct. 248, 66 L.Ed.2d 116 (1981); American Standard, Inc. v. Bendix Corp., 487 F. Supp. 254 (W.D.Mo. 1980).