492 So.2d 829 (1986)
Charles R. DAVIS, Appellant,
v.
FLORIDA POWER CORPORATION, Appellee.
No. 86-312.
District Court of Appeal of Florida, Second District.
August 13, 1986.
Stevan T. Northcutt of Levine, Freedman, Hirsch & Levinson, Tampa, for appellant.
Ralph J. McMurphy of Green, Simmons, Green, Hightower & Gray, Ocala, for appellee.
DANAHY, Chief Judge.
The appellant (the plaintiff) appeals from an order transferring venue of this case from Pinellas County to Citrus County. We reverse.
The plaintiff brought this suit against the appellee (Florida Power) to recover damages for injuries sustained by the plaintiff in an accident at Florida Power's nuclear power plant in Citrus County. The plaintiff filed his suit in Pinellas County, where Florida Power does business and maintains its corporate headquarters. Venue in that county, of course, is proper. § 47.051, Fla. Stat. (1985).
Florida Power filed an unsworn motion for a transfer of venue to Citrus County pursuant to section 47.122, Florida Statutes (1985). Section 47.122 provides that, for the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought.
Florida Power submitted no affidavits or other sworn proof in support of its motion. No testimony was taken at the hearing on Florida Power's motion for change of venue. Nevertheless, after hearing statements of counsel as to what witnesses might be needed at trial and where they *830 reside, the trial judge entered an order transferring venue of the suit to Citrus County.
In Ashland Oil, Inc. v. Florida Department of Transportation, 352 So.2d 567 (Fla. 2d DCA 1977), we pointed out that the discretion of the trial judge under section 47.122 is not unbridled and must be predicated upon a proper showing of the statutory grounds. In Magee v. Liberty Mutual Insurance Co., 366 So.2d 827 (Fla. 4th DCA 1979), the Fourth District Court of Appeal addressed a situation similar to that here, involving a motion to transfer for improper venue. The motion in that case was unsworn and there were no affidavits or other proof sufficient to support the allegations of the motion. The court said:
The election of venue is initially with the plaintiffs. Assuming the complaint does not affirmatively show that venue is lacking, the burden of pleading and proving improper venue is upon the defendants. The allegations of the unsworn motion to dismiss or to transfer were never established by sworn proof before the trial court. We reverse.
We agree with the plaintiff that Florida Power failed to meet its burden of proof with respect to its motion for change of venue pursuant to section 47.122.[1] The trial judge had no evidence upon which to base his decision that venue should be transferred on the grounds set forth in section 47.122. Accordingly, we reverse.
Reversed.
RYDER and FRANK, JJ., concur.
NOTES
[1] We reject Florida Power's argument that the plaintiff waived the issue of burden of proof by failing to raise that issue before the trial judge. The record shows that the plaintiff twice pointed out to the trial judge that Florida Power had failed to meet its burden of establishing the statutory grounds.