GLICKSTEIN, Judge,
dissenting.
This is an appeal from an order of the Broward County Circuit Court changing venue in an action by a creditor against its debtor, from Broward County to Marion County, without any proof upon which to base the order and with documentation in the record to compel an order denying the change of venue. Accordingly, I cannot agree with the affirmance.
The relevant record before the trial court, as reflected by the attachments to appellant’s main, and only, brief is the complaint with its exhibits. Counts II and III for open account and account stated refer to Exhibit B, the invoices sent to the debtors, the reverse side of which say, in part:
Any and all suits for any and every breach of this sale may be instituted and maintained in any court of competent jurisdiction in the County of Broward State of Florida.
The trial court, and the majority, gave no effect to the foregoing language, which I find to be controlling.
The trial court’s erroneous ruling, in my view, is based upon a “qualified” instrument designated by appellee as “affidavit.”
In this regard, the law is the same today as it was when this court held in Magee v. Liberty Mutual Insurance Company, 366 So.2d 827, 827 (Fla. 4th DCA 1979):
The motion filed by appellees alleged that the accident occurred in Glades County, that Modern Welding Company was a foreign corporation which did not do business in Florida, nor did it have an office or place of business in Palm Beach County, and that Reilly was not a resident of Palm Beach County. The motion was unsworn and there were no affidavits or other proof sufficient to support the allegations of the motion. The election of venue is initially with the plaintiffs. Assuming the complaint does not affirmatively show that venue is lacking, the burden of pleading and proving improper venue is upon the defendants. The allegations of the unsworn motion to dismiss or to transfer were never established by sworn proof before the trial court. We reverse. Davis v. Dempsey, 348 So.2d 950 (Fla. 3d DCA 1977); Florida Forms, Inc. v. Barkett Computer Services, Inc., 311 So.2d 730 (Fla. 4th DCA 1975); Stolley & Associates, Inc. v. Lawrence, 243 So.2d 446 (Fla. 4th DCA 1971).
In my view, the following language makes the so-called “affidavit” not what it claims to be:
STATE OF FLORIDA
COUNTY OF MARION
I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State and County aforesaid to take acknowledgments personally appeared MAURICE F. CALLAHAN, to me known to be the person described in and who executed the foregoing instrument and *892 he acknowledged before me that he executed the same and the statements contained are true and correct to the best of his knowledge and belief. (Emphasis added)
An affidavit is defined in Black’s Law Dictionary, 5th Edition (1979) as follows:
A written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation.
Id. at 54. The oath administered to or the affirmation made by witnesses who offer their testimony is not “to the best of their knowledge and belief.” This writer has previously expressed the following opinion, while dissenting in Bennett v. Jepson, 482 So.2d 570 (Fla. 4th DCA 1986):
A “qualified” affidavit is no affidavit at all. Hahn v. Frederick, 66 So.2d 823 (Fla.1953); Hall v. Byington, 421 So.2d 817, 818 (Fla. 4th DCA 1982).
Id. at 571.
If the majority in this case consider the what-you-may-call-it here to be an affidavit, the name we give to it — affidavit or otherwise — is not in itself important. What is important is what it does, not what it is called. There is a vintage cartoon showing two cavemen with crude instruments in their hand, looking at a large, circular stone, with a hole in the center. The caption reads:
We’ll call it fire.
In that instance, the “fire” rolled. Here, the “affidavit” is used to prove something.
In Hall v. Byington, we reversed and remanded the case because of the absence of proof. We did the same in Magee. Neither opinion reflects whether the point was raised on appeal that the motion was un-sworn.
Here, appellant says nothing about the unsworn nature of the documents. That takes me full circle to the beginning of this opinion. While we cannot do appellant’s lawyering, we also cannot — in my view — ignore what we now know. Appellee provided no proof whereas appellant’s complaint did not affirmatively show that venue was lacking in Broward County. It showed, by its above described exhibit, that venue was properly laid in that county.