522 So.2d 1046 (1988)
WESTSHORE GLASS CORPORATION, a Florida Corporation, Appellant,
v.
HACK INDUSTRIES, INC., a Florida Corporation, Appellee.
No. 86-3243.
District Court of Appeal of Florida, Second District.
April 6, 1988.
*1047 David Hyman, P.A., Tampa, for appellant.
No appearance for appellee.
RYDER, Acting Chief Judge.
There was no sworn evidence  neither affidavits nor testimony  before the trial court upon which it could base an order to transfer venue to Dade County.
The election of venue is initially with the plaintiffs. Assuming the complaint does not affirmatively show that venue is lacking, the burden of pleading and proving improper venue is upon the defendants. The allegations of the unsworn motion to dismiss or to transfer were never established by sworn proof before the trial court. We reverse.
Magee v. Liberty Mutual Insurance Co., 366 So.2d 827 (Fla. 4th DCA 1979). The Magee case was followed by this court in Davis v. Florida Power Corp., 492 So.2d 829 (Fla. 2d DCA 1986). It appears from the affidavit of appellant's president that venue is proper in Hillsborough County. The trial court's order transferring venue to Dade County is reversed and set aside and the cause is remanded for further proceedings in Hillsborough County.
CAMPBELL and THREADGILL, JJ., concur.