PETERSON, Judge.
The mortgagor/appellant MML Development Corp. and individual guarantors (collectively referred to as MML), ask us to consider the correct venue in a mortgage foreclosure where the foreclosure is voluntarily discontinued by the plaintiff who then elects to proceed to enforce only the obligations contained in the secured promissory note and guarantees of the note. The trial court denied a motion to dismiss or to transfer based upon improper venue, and MML appeals the non-final order. We have jurisdiction pursuant to rule 9.130(a)(3)(A), Florida Rules of Appellate Procedure.
The appellee, Eagle National Bank of Miami (Eagle), initiated a mortgage foreclosure in Volusia County against both corporate and individual defendants. The complaint also contained counts to enforce the terms of the promissory note secured by the mortgage, guarantees, modification and settlement agreements, a security interest in improvements to the mortgaged real estate, and an assignment of leases. MML moved to dismiss or transfer the action to Dade County, alleging improper *647 venue because the note was executed in Dade County and all of the defendants are residents of Dade County except two who are residents of the State of New York. MML concedes that, originally, this issue was properly resolved against them by the trial court because the mortgaged realty is located in Volusia County.
Subsequently, Eagle elected to abandon the foreclosure count and to proceed only with enforcement of the liabilities created under the promissory note and guarantees. MML then renewed its motion to dismiss or transfer based upon improper venue since the action no longer involved real estate located in Volusia County. The trial court denied the motion, citing as authority Davis v. Florida Power Corporation, 492 So.2d 829 (Fla. 2d DCA 1986). In Davis, the Second District reversed the trial court’s decision to transfer venue. The reversal was based upon the failure of the defendant, Florida Power Corporation, to meet its burden of proof through affidavits or other proof that the venue was improper. The Davis opinion cites Magee v. Liberty Mutual Insurance Company, 366 So.2d 827 (Fla. 4th DCA 1979), in which a motion to transfer for improper venue was not accompanied by affidavits or other proof to support its allegations. In Magee, the court said: “The election of venue is initially with the plaintiffs. Assuming the complaint does not affirmatively show that venue is lacking, the burden of pleading and proving improper venue is upon the defendants.” Magee, at 827 (emphasis added). We do not find Davis or Magee helpful in the instant case since Eagle’s complaint alleges that MML has its corporate offices in Miami, the residences of the other defendants were in Miami, and the documents were executed in Miami. The modified complaint for enforcement of the promissory note and guarantees affirmatively shows that venue in Volusia County is improper. Therefore, the defendants need not supply affidavits or other proof to support their motion. The plaintiff’s own allegations support the contentions of the defendants.
Eagle argues that, since it originally brought its foreclosure action in Volusia County and in good faith, venue should remain in that county even though the action has evolved into one to enforce a promissory note “denuded” of the security of the Volusia County real property. It relies on Vance v. Minton, 444 So.2d 1162 (Fla. 3d DCA 1984), and Ohanessian v. Thomason, 510 So.2d 1092 (Fla. 2d DCA 1987), in resisting MML’s attempt to transfer venue.
In Vance, two physicians residing in different Florida counties were joined in an action for medical malpractice. After two years of litigation, including extensive discovery proceedings, and during the period in which the case was set for trial, the plaintiff settled with the physician residing in the forum county. The remaining nonresident physician then moved for transfer of venue. The trial court denied the motion and was affirmed on appeal. The Third District considered the possibility that a plaintiff may join a resident defendant to justify venue in what is perceived as a favorable forum and then dismiss that defendant after venue is fixed. The court stated, however, “ ‘In this case, there is no charge that, the plaintiff was guilty of any wrongdoings naming the defendants who were bona fide residents of Volusia County and were dismissed upon accord and satisfaction.’ ” Vance, 444 So.2d at 1164, quoting Iseminger v. Morris, 249 So.2d 488, 489 (Fla. 1st DCA 1971).
The court also found preeminently significant that the statutory language of sections 47.011 and 47.021, Florida Statutes (1981), specifically refer to the venue privilege as attaching when the action is “begun” or “brought.” The court then noted that the Florida Statutes, in contrast to the statutory scheme in other states, do not prescribe “a subsequent, post-commencement determination of the venue issue and a consequent transfer or dismissal when there is a change in the parties defendant.” Vance, at 1164. Finally, the court noted that chaos would result if the venue privilege is altered whenever the resident party is eliminated from the action. An example was set forth that, if a verdict was directed for a resident defendant in the midst of *648 trial, the remaining nonresident defendants could then interrupt the trial and have the action transferred to the county of their residence.
In Ohanessian, a nonresident of the forum county was the only remaining defendant after all other corporate and individual forum-resident defendants failed to file timely responsive pleadings, and a final judgment was entered against them. The trial court granted the nonresident’s subsequent motion to dismiss for improper venue but was reversed by the Second District. The opinion relied on the fact that there was no indication that the appellants lacked good faith in suing the forum-resident defendants and cited Vance as authority.
While these cases are distinguishable from the instant action because they involve the loss of a resident party to the litigation and this action involves only a plaintiffs change in the theory of his case, we note the logical extension of the example in Vance that would require transfer of an action in the midst of trial in the event of a loss of the resident defendant. A plaintiffs decision to drop a particular count at some advanced stage of litigation has the danger of leading to the same result as dropping a resident party.
However, the litigation in the instant case is not in an advanced stage, and it appears that the defendants have proceeded with timely filed motions to bring the venue question to the fore. The appendices filed by the parties indicate that the initial complaint was filed sometime after April 14, 1991, and answer and counterclaim were served July 9, 1991. An order was entered on September 13, 1991, denying the original motion to dismiss for improper venue and granting plaintiffs motion to dismiss defendants’ counterclaim. Eagle’s withdrawal of its mortgage foreclosure count was served on September 27, 1991, and the subject motion to dismiss or transfer venue was served on October 4, 1991.
The withdrawal of the foreclosure count by Eagle in the early stages of this litigation has changed the litigation into an action on a promissory note which involves the provisions of section 47.061, Florida Statutes (1991). The section provides:
Actions on unsecured negotiable or nonnegotiable promissory notes shall be brought only in the county in which such notes were signed by the maker or one of the makers or in which the maker or one of the makers resides. When any such note was signed by the makers in more than one county, action may be brought thereon in any such county. This section shall be liberally construed in favor of the makers of such notes.
There is no issue raised in this case that any Florida county other than Dade is the county in which a defendant resides or the note was signed. In addition, we must give deference to the direction of the legislature to construe liberally the venue privilege in favor of the makers of the notes. Since this action has evolved into an action on a promissory note at the plaintiff’s election in an early stage of litigation, the trial court should have granted the motion to transfer venue. Since Eagle’s complaint affirmatively alleges facts supporting MML’s claim of improper venue, the trial court’s reliance upon Davis was misplaced.
We reverse and remand with instructions to transfer the action to the circuit court in Dade County.
REVERSED; REMANDED.
COBB and HARRIS, JJ., concur.