610 So.2d 29 (1992)
John and Sharon BREEN, Appellants,
v.
HUNTLEY JIFFY STORES, INC. and Southern Bell Telephone Co., Appellees.
No. 92-00170.
District Court of Appeal of Florida, Second District.
November 25, 1992.
*30 David Solomon, Clearwater, for appellants Breen.
J.A. Setchel of Law Offices of J.A. Setchel, Tampa, for appellee Jiffy Stores.
Stephen B. Sambol of Rissman, Weisberg, Barrett & Hurt, P.A., Orlando, for appellee Southern Bell.
CAMPBELL, Judge.
Appellants argue on appeal that the trial court should not have transferred the venue of their negligence action from Hillsborough County to Duval County. They maintain that appellees, Southern Bell and Jiffy Stores, failed to meet their burden to have the action transferred. We reluctantly agree.
Venue here was transferred under section 47.122, Florida Statutes (1989), which allows a court to transfer the venue of a cause for the convenience of the parties or in the interests of justice. Although the statute does not require affidavits or sworn proof to effect a change of venue, this court has consistently required defendants to produce affidavits or other sworn proof in order to overcome a plaintiff's venue choice. Westshore Glass Corp. v. Hack Ind., Inc., 522 So.2d 1046 (Fla. 2d DCA 1988); Davis v. Florida Power Corp., 492 So.2d 829 (Fla. 2d DCA 1986); Velez v. Mell D. Leonard & Assocs., 338 So.2d 896 (Fla. 2d DCA 1976).
The record here, submitted in accord with Florida Rule of Appellate Procedure 9.220, contains no such affidavits or sworn proof. Appellants' complaint is unsworn, as are appellees' motions to change venue. In view of the fact that venue is proper in Hillsborough County (since both appellees have agents in Hillsborough County), despite the obvious inconvenience to the witnesses, we are compelled to reverse. We do so, however, without prejudice to appellees to properly readdress the issue of venue in the trial court.
DANAHY, A.C.J., and THREADGILL, J., concur.