PARKER, Chief Judge.
Gator Office Supply & Furniture, Inc. (Gator) and James E. Boughey, codefendants, appeal a nonfinal order denying their motions to dismiss and to transfer venue, arguing that venue in this action filed by Amsouth Bank of Florida, N.A. (Amsouth), lies in Dade County, Florida, where the promissory note at issue was executed. We reverse, finding that the trial court erred in denying the motion to transfer venue.
In 1988, Gator executed a promissory note for a security agreement on a boat. Bough-ey allegedly executed a personal guarantee on the note. In 1995, Amsouth filed its complaint against the codefendants asserting a single claim as an action at law seeking recovery on the note for the amount allegedly due from the codefendants with respect to principal, interest, collection costs, and attorneys’ fees. The codefendants responded to the complaint by filing motions to dismiss and transfer venue. The trial court entered a nonfinal order denying the codefendants’ motions to dismiss and transfer venue.
The issue on appeal is whether venue in this case is governed by the general venue statute, section 47.011, Florida Statutes (1995),[1] or the special venue statute regarding unsecured promissory notes, section 47.061, Florida Statutes (1995).[2]
*1040 First, we conclude that the promissory note was secured pursuant to section 679.203(1), Florida Statutes (1995), in that: (1) there was a security agreement signed by the debtors (codefendants); (2) value was given; and (3) the debtors had rights in the collateral (boat). See § 679.203(1)(a)-(c), Fla. Stat. (1995). Moreover, the security interest was perfected in accordance with sections 679.302(4), 679.303, and 328.15, Florida Statutes (1995); which, when read together, imply that a security interest (lien) on a boat can be perfected by filing the lien with the Department of Highway Safety and Motor Vehicles, which was done in this ease. Contrary to the codefendants’ arguments, a nonperfected security interest does not render the promissory note unsecured. As long as the three requirements of , section 679.203(1), Florida Statutes (1995), are met, the promissory note will be secured.
Having established that the promissory note was secured, it would appear that section 47.061, Florida Statutes (1995), does not apply to this venue contest because it applies only to situations involving “unsecured” negotiable or nonnegotiable promissory notes. However, Florida case law indicates that there is another means by which the promissory note, at issue, could be deemed unsecured. In MML Development Corp. v. Eagle National Bank of Miami, 603 So.2d 646 (Fla. 5th DCA 1992), the mortgagee (secured party) filed a foreclosure action and sought to enforce the underlying promissory note in alternative counts, but later voluntarily dismissed the foreclosure count. The mortgagor (debtor) responded by moving to transfer venue pursuant to section 47.061, arguing that by abandoning the foreclosure count, the mortgagee had transformed the suit into an action at law on an unsecured promissory note. The trial court denied the motion and the mortgagee appealed. The Fifth District Court of Appeal reversed, holding:
The withdrawal of the foreclosure count by Eagle in the early stages of this litigation has changed the litigation into an action on a promissory note which involves the provisions of section 47.061, Florida Statutes (1991)....
[[Image here]]
There is no issue raised in this case that any Florida county other than Dade is the county in which a defendant resides or the note was signed. In addition, we must give deference to the direction of the legislature to construe liberally the venue privilege in favor of the makers of the notes. Since this action has evolved into an action on a promissory note at the plaintiffs election in an early stage of litigation, the trial court should have granted the motion to transfer venue.
MML, 603 So.2d at 648; see also State ex rel. Teague v. Harrison, 138 Fla. 874, 190 So. 483 (1939) (holding that plaintiffs treatment of a security interest as though it was unsecured by suing only on the note, and abandoning any claim to the underlying collateral, renders the action subject to the special unsecured promissory note venue statute).
Thus, while in this case it is clear that the promissory note was secured by the collateral (boat), Amsouth’s decision not to invoke its lien rights and foreclose on the boat has removed the venue issue from the purview of the general venue statute, section 47.011, and placed it within the control of the special unsecured promissory note venue statute, section 47.061. Accordingly, we reverse the order denying the appellants’ motion to transfer venue and remand the case with directions to transfer the action to the circuit court of Dade County, Florida, where the note was signed and where the makers reside. See § 47.061, Fla. Stat. (1995).
Reversed and remanded.
DANAHY and QUINCE, JJ., concur.

. Section 47.011, Florida Statutes (1995) states: “Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. This section shall not apply to actions against nonresidents.”

. Section 47.061, Florida Statutes (1995) states:
Actions on unsecured negotiable or nonnegotiable promissory notes shall be brought only in the county in which such notes were signed by the maker or one of the makers or in which the maker or one of the makers resides. When any such note was signed by the makers in more than one county, action may be brought thereon in any such county. This section shall *1040 be liberally construed in favor of the makers of such notes.