830 So.2d 908 (2002)
Domenico LOIACONI, Appellant,
v.
GULF STREAM SEAFOOD, INC., Appellee.
No. 2D01-5096.
District Court of Appeal of Florida, Second District.
November 20, 2002.
*909 Mark A. Gruwell, of Law Offices of Mark A. Gruwell, Sarasota, for Appellant.
D. Stephen Kahn, Tallahassee, for Appellee.
SILBERMAN, Judge.
Domenico Loiaconi appeals a nonfinal order transferring venue from Sarasota County to Franklin County. Because venue was proper in Sarasota County, we reverse.
Mr. Loiaconi filed a complaint against Gulf Stream Seafood, Inc., for nonpayment of a promissory note. He alleged that Gulf Stream executed the note and delivered it to him in Sarasota County. Additionally, he alleged that under the terms and conditions of the note, Gulf Stream was required to make payment in Sarasota County.
Gulf Stream filed an unsworn motion to dismiss and to transfer venue from Sarasota County to Franklin County and asserted that it was a Florida corporation domiciled in Franklin County. Attached to the motion was a document titled "Corporate Detail Record Screen" that lists Gulf Stream's principal address in Sopchoppy, Florida, which is located in Wakulla County. Gulf Stream did not submit an affidavit in support of its motion or the document. After hearing argument from counsel, the trial court entered an order transferring venue from Sarasota County to the county court or the circuit court for Franklin County.
Section 47.051, Florida Statutes (2000), addresses actions against domestic corporations and provides for venue in the county where the corporation has or usually keeps an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located. Section 47.061, Florida Statutes (2000), provides in pertinent part that an action on an unsecured promissory note shall be brought only in the county where the note was signed by the maker or in which the maker resides.
The allegations in Loiaconi's complaint that payment was required to be made in Sarasota County and that payment was not made were sufficient to support venue in Sarasota County under section 47.051 as the place where the cause of action accrued. See E.J. Sales & Serv. Inc. v. Southeast First Nat'l Bank, 415 So.2d 906, 907 (Fla. 3d DCA 1982). Moreover, the allegation that Gulf Stream executed and delivered the promissory note in Sarasota County was sufficient to support venue in Sarasota County under section 47.061. See Foster v. Greco, 320 So.2d 43, 44 (Fla. 4th DCA 1975).
The right to initially select venue belongs to the plaintiff. Velez v. Mell D. Leonard & Assocs., Inc., 338 So.2d 896, 897 (Fla. 2d DCA 1976). It is the defendant's *910 burden to plead and prove that venue is improper. Id. That burden is not met where a defendant files an unsworn motion and does not present affidavits or other sworn proof in support of the motion. Davis v. Fla. Power Corp., 492 So.2d 829, 829-30 (Fla. 2d DCA 1986); Magee v. Liberty Mut. Ins. Co., 366 So.2d 827 (Fla. 4th DCA 1979). Moreover, while a trial court has broad discretion in dealing with matters of venue, the party challenging venue must provide a sufficient factual basis for the exercise of that discretion. Groome v. Abrams, 448 So.2d 82, 83 (Fla. 4th DCA 1984).
Gulf Stream filed an unsworn motion with an attached document. It did not present any affidavits, testimony, or other sworn proof in support of its motion. Although Gulf Stream argues that the document submitted to the trial court, taken in connection with counsel's argument, is sufficient proof, we disagree. Gulf Stream simply failed to carry its burden to prove that venue was improper.
Finally, Gulf Stream suggests that if we reverse, it should have an opportunity to correct the deficiency with additional proof. Loiaconi points out that Gulf Stream should not have another opportunity to meet its burden. We agree that Gulf Stream is not entitled to the proverbial "second bite at the apple" to prove that venue in Sarasota County was not proper. See Carlough v. Nationwide Mut. Fire Ins. Co., 609 So.2d 770, 772 (Fla. 2d DCA 1992); Van Der Noord v. Katz, 481 So.2d 1228, 1230 (Fla. 5th DCA 1985).
The order transferring venue is reversed.
BLUE, C.J., and ALTENBERND, J., Concur.