NORTHCUTT, Judge.
Health Management Associates and Dr. Marvin Maxwell filed motions to transfer venue of the Platts’ suit against them from Polk to Highlands County.[1] The circuit court granted their requests. It is not clear from either the motions or the written order whether the basis for the transfer was improper venue under section 47.011, Florida Statutes (2001), or the convenience of the parties under section 47.122. On appeal, however, the defendants basically concede that venue was proper in Polk County, and we agree. Thus, section 47.011 could not support a venue change. We also agree with the Platts that if the circuit court transferred venue to Highlands County for the convenience of the parties, it erred.
This court has held that a motion to transfer venue must be accompanied by sworn proof. Tropicana Prods., Inc. v. Shirley, 501 So.2d 1373, 1375 (Fla. 2d DCA 1987); Davis v. Fla. Power Corp., 492 So.2d 829, 830 (Fla. 2d DCA 1986). Here, the defendants’ motions were unsworn, and they submitted no affidavits. Accordingly, we reverse the order granting a change of venue.
Reversed.
STRINGER and SILBERMAN, JJ., Concur.

. The other defendants did not file written motions to change venue, but orally joined Health Management and Maxwell at the hearing on those motions.