963 So.2d 945 (2007)
Lorenzo RAMUNNO, Appellant,
v.
Angela Ramunno TERRANOVA, Personal Representative of the Estate of Estelle M. Ramunno, Appellee.
No. 4D06-3585.
District Court of Appeal of Florida, Fourth District.
September 5, 2007.
*946 Diane H. Tutt of Diane H. Tutt, P.A., Davie, for appellant.
No brief filed for appellee.
TAYLOR, J.
Lorenzo Ramunno appeals an order entered by the probate court, contending the court miscalculated the amount he owes under a final judgment obtained by the personal representative against him. We affirm the order in all respects, except as to that portion of the order which charges Mr. Ramunno $16,758.61 for life insurance proceeds he received from Metropolitan Life Insurance Co. upon his mother's death. This amount represents four-fifths of the proceeds, which the trial court concluded should have been shared equally by Lorenzo and his siblings.
We reverse as to this portion of the order because the only evidence presented to the trial court concerning the life insurance proceeds was Mr. Ramunno's testimony that he properly received the money. The trial court's contrary findings are supported only by the arguments of the estate's counsel and the unsworn pleadings and attachments from the estate's previous action against Metropolitan Life. These do not suffice as competent, substantial support for the trial court's ruling. See Romeo v. Romeo, 907 So.2d 1279, 1284 (Fla. 2d DCA 2005) (unauthenticated documents and arguments of counsel were not evidentiary support for general master's ruling); Loiaconi v. Gulf Stream Seafood, Inc., 830 So.2d 908, 910 (Fla. 2d DCA 2002) (document and argument of counsel were not sufficient proof to support venue determination); see also Leon Shaffer Golnick Adver., Inc. v. Cedar, 423 So.2d 1015, 1016-17 (Fla. 4th DCA 1982).
We therefore reverse only as to this $16,758.61 charge to Lorenzo Ramunno.
Affirmed in part, reversed in part and remanded.
POLEN and STEVENSON, JJ., concur.