# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2025-0961
Lower Tribunal No. 2024-CA-000538

_____

BERRY PATCH RIDGE, LLC, SOUTHERN CITRUS NURSERIES, LLC, and THAYER BERRY HILL, LLC,

Appellants,

v.

EVERGLADES HARVESTING, INC.,

Appellee.

_____

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Hendry County.
Darrell R. Hill, Judge.

February 27, 2026

KAMOUTSAS, J.

Berry Patch Ridge, LLC, Southern Citrus Nurseries, LLC, and Thayer Berry Hill, LLC (collectively, "Appellants") appeal an order denying a motion to dismiss and denying the request to transfer venue from Hendry County to Polk County.

In April 2023, Appellee, Everglades Harvesting, Inc., and Berry Patch Ridge, LLC, signed an Independent Contractor Agreement where Everglades agreed to provide agricultural services for certain farms ("Agreement").

The Agreement states, "[a]ny action arising out of or relating to this Agreement will be brought exclusively in the state or federal courts in or for Hendry County, Florida. Each Party consents to the jurisdiction of such courts and waives any objection." On the final page of the Agreement, it sets forth, "[t]his Agreement (and the exhibit to this Agreement) constitutes the entire agreement and supersedes all prior or contemporaneous agreements of the Parties with respect to the subject matter of this Agreement."

The relationship between the parties eventually soured, and Everglades sued Appellants. In November of 2024, Everglades filed an amended complaint alleging Berry Patch and Everglades entered into an agreement where Everglades was to "provide labor, equipment and supplies for the harvesting of agricultural crops at certain farms owned by Berry Patch, Southern Citrus and Thayer" in exchange for compensation, but after some initial payments, Berry Patch and the other farms defaulted on their obligation, resulting in an outstanding balance of $650,627.75.

Everglades alleged claims for breach of contract, and in the alternative to breach of contract, unjust enrichment and account stated against Berry Patch. The amended complaint alleged unjust enrichment against Southern Citrus and Thayer.

2

Attached to the amended complaint was a copy of the Agreement and an accounts receivable report demonstrating the balances due to Everglades.

Additionally, the amended complaint asserted that venue was proper in Hendry County, Florida, stating:

> Venue is proper in Hendry County, Florida pursuant to the contract between Everglades and Berry Patch, which is the subject of this lawsuit. Furthermore, the Defendants' payment of liquidated sums was to be made to, and received by, Everglades in Hendry County, Florida. In fact, Defendants Berry Patch, Southern Citrus, and Thayer did make certain payments to Everglades, as evidenced by checks from Defendants made payable to Everglades at its principal place of business in Hendry County, Florida.

In response to the amended complaint, Appellants filed "Defendants' Motion to Dismiss the amended complaint or, Alternatively, Motion to Transfer Venue to Polk County and Memorandum in Support of Request." No evidentiary hearing was requested nor any affidavit attached.

After considering the pleadings from the parties and hearing argument, the trial court denied Appellants' motion to dismiss. The trial court found that "the facts alleged in the amended complaint along with the exhibits attached to the amended complaint sufficiently state the causes of action set forth in the amended complaint, and that venue is thus proper in Hendry County."

Appellants now challenge that ruling. On appeal, they "accept the allegations of the amended complaint, including the exhibits thereto" but argue the lower court erred in denying the motion to transfer venue because the Agreement containing the

3

venue provision is unenforceable. Pursuant to Florida Rule of Appellate Procedure 9.200(f)(2), this Court requested a transcript of the hearing below—no transcript exists.

"The right to initially select venue belongs to the plaintiff[,]" but "[i]t is the defendant's burden to plead and prove that venue is improper." *Loiaconi v. Gulf Stream Seafood, Inc.,* 830 So. 2d 908, 909-10 (Fla. 2d DCA 2002) (citations omitted). Further, unless the complaint shows on its face that venue is improper, a motion challenging venue raises factual issues that must be resolved at an evidentiary hearing. *Interactive Retail Mgmt., Inc. v. Microsoft Online, L.P.*, 988 So. 2d 717, 720 (Fla. 2d DCA 2008) (citations omitted). "[W]hile a trial court has broad discretion in dealing with matters of venue, the party challenging venue must provide a sufficient factual basis for the exercise of that discretion." *Id.* at 721(citing *Loiaconi,* 830 So. 2d at 910). "Once a defendant has challenged venue with an affidavit controverting a plaintiff's venue allegation, the burden shifts to the plaintiff to prove the venue selection is proper." *First Church of Nazarene of Gainesville, Fla., Inc. v. Site Concepts, Inc.*, 265 So. 3d 641, 643 (Fla. 4th DCA 2019).

In this case, the amended complaint does not show on its face that venue is improper. To the contrary, in the Agreement attached to the amended complaint, the parties agreed that "[a]ny action arising out of or relating to this Agreement will be brought exclusively in the state or federal courts in or for Hendry County, Florida.

Each Party consents to the jurisdiction of such courts and waives any objection." Further, Appellants did not request an evidentiary hearing below nor attach an affidavit, which would shift the burden to Appellee. Thus, as the defendants, Appellants had the burden of proving at a hearing that venue in Hendry County was improper. Because we have no transcript of that hearing (which alone, on these facts, would not necessarily be fatal to Appellants' case),[1] no evidence to consider, nor any affidavit submitted by the defendants below, we find that on this record, Appellants have not met their burden of demonstrating the trial court erred in denying the motion to transfer venue.[2] *Joseph v. Henry*, 367 So. 3d 1280, 1281 (Fla. 3d DCA 2023) ("It is firmly established that '[i]n appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error.'") (citation omitted); *see also Loiaconi,* 830 So. 2d at 910-11 ("That burden [to challenge venue] is not met where a defendant files an unsworn motion and does not present affidavits or other sworn proof in support of the motion.").

AFFIRMED.

---

[1] *See Creative Hardscapes, LLC v. Prawdzik*, 397 So. 3d 163, 168-69 (Fla. 6th DCA 2024) ("On the other hand, '[w]here the hearing at issue is non-evidentiary and consists only of legal argument, the failure to provide a transcript is not necessarily fatal to appellate review.'" (quoting *Rollet v. de Bizemont*, 159 So. 3d 351, 357 (Fla. 3d DCA 2015))).

[2] We do not determine, at this time, whether the Agreement is ultimately enforceable.

WOZNIAK and BROWNLEE, JJ., concur.


Stephen R. Senn and Krista Mahalak, of Peterson & Myers, P.A. Lakeland, for Appellants.

Scott A. Beatty, of Henderson, Franklin, Starnes & Holt, P.A., Naples, and Douglas B. Szabo, of Boy Agnew Potanovic Miller, PLLC, Fort Myers, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED