SCHOONOVER, Judge.
The appellant, Susan K. Winter, has filed two appeals challenging nonfinal orders entered by the trial court in a dissolution action pending in the circuit court in Hillsborough County. We have consolidated the appeals and after considering the briefs and records on appeal, we affirm both orders.
First, Mrs. Winter challenges an order which granted her husband’s, Kim A. Kawasaki, emergency petition for temporary injunction and awarded temporary custody of the parties’ two children to the husband. We find no merit in any of Mrs. Winter’s contentions in regard to this order and, accordingly, affirm it without further discussion.
Next, Mrs. Winter challenges an order which transferred venue of this matter to Duval County, Florida. We also find that this order was proper and should be affirmed. The parties contracted that venue would be in Duval County for any action on or in connection with their antenuptial agreement. Since this action was in connection with that agreement, the court did not err in transferring venue. See Derrick & Assocs. Pathology, P.A. v. Kuehl, 617 So.2d 866 (Fla. 5th DCA 1993). See also Tropicana Pools, Inc. v. Brown, 270 So.2d 751 (Fla. 2d DCA 1972).
Although it does not affect the disposition of these consolidated appeals, we agree with Mrs. Winter’s contention that the trial court erred in determining the validity of the parties’ agreement. It was not necessary for the trial court to consider the validity of the agreement in order to consider the husband’s motion to transfer venue and further, the wife was not given notice that it would be considered. See Business Aide Computers, Inc. v. Central Florida Mack Trucks, Inc., 432 So.2d 681 (Fla. 5th DCA 1983). See also Hully v. Hully, 653 So.2d 1138 (Fla. 2d DCA 1995). The validity of the agreement must therefore be determined in a subsequent properly noticed proceeding.
Affirmed.
CAMPBELL, A.C.J., and PATTERSON, J., concur.