791 So.2d 1217 (2001)
Antonio Carlos CARBONE, et al., Appellants,
v.
VALUE ADDED VACATIONS, INC., et al., Appellees.
No. 5D01-14.
District Court of Appeal of Florida, Fifth District.
August 17, 2001.
*1218 Frank H. Henry of Baker & McKenzie, Miami, for Appellants.
Mayanne Downs and R. Gavin Mackinnon of King, Blackwell & Downs, P.A., Orlando, for Appellees.
COBB, J.
Antonio Carbone, Meire Carbone and ACC Tours, Inc., defendants below, challenge an order denying their motion to abate and dismiss for improper venue or in the alternative change venue from Orange County to Miami-Dade County.
The Carbones, residents of Miami-Dade County, owned and formerly operated ACC Tours, Inc. (ACC), a tour operator located in Miami-Dade County, but which does business in Orange County. The Carbones sold the assets of ACC to Access USAdotcom, Inc. (Access), a wholly owned subsidiary of Value Added Vacations, Inc. (VAV), effective January 1, 2000. The sale was accomplished pursuant to an asset purchase agreement, services agreement and an employment agreement. Effective January 1, 2000, Antonio Carbone became employed by Access pursuant to the employment agreement.
Under the terms of the employment agreement between Antonio Carbone and Access, Carbone was employed as president of Access for 3 years. According to the employment agreement:
Employee [Carbone] shall report, in the performance of his duties, directly to the Chairman of Company. Employee may continue to reside in Miami, Florida during the term of this Agreement and perform his duties primarily from that location; provided, however, that he will be required to travel to Orlando and other places from time to time as requested by Company in connection with the performance of his duties.
The employment agreement was executed on behalf of Access by its president, Sheila S. Sheehan. The employment agreement, unlike the asset purchase agreement and services agreement, does not itself contain a venue provision. Carbone was terminated from employment in July 2000 and claimed entitlement to a bonus once VAV was sold.
VAV, Access and Sheehan (plaintiffs) filed suit against the Carbones and ACC in Orange County. Carbone meanwhile filed suit in Miami-Dade County against Sheehan, VAV and Access. It is undisputed that Sheehan, VAV and Access perfected service on the Carbones and ACC in the Orange County action before service was obtained in the Miami-Dade County action.
The Orange County action alleges three counts. Count I seeks a declaratory decree that Access properly terminated Carbone from employment. Count II seeks a declaratory decree that neither of the Carbones are entitled to any bonus upon the sale of VAV. Count III alleges breach of the services agreement by ACC.
The Carbones and ACC unsuccessfully moved to abate and dismiss or transfer venue to Miami-Dade County. We reverse based upon the following analysis.
The only contractual venue selection provision applicable to the plaintiffs' action is that contained in paragraph 7 of *1219 the services agreement.[1] This provision designates Orange County circuit court as the exclusive jurisdiction over actions arising out of the agreement.[2] Count III of the plaintiffs' complaint alleges breach of the services agreement against ACC and therefore venue over that count is proper in Orange County. The Carbones, however, were not parties to the services agreement and are not named in Count III.
The plaintiffs maintain that venue over the Carbones was proper in Orange County because the cause of action in Count I seeking a declaratory judgment that Antonio Carbone was properly terminated from employment arose in Orange County. In Count I, the plaintiffs listed some 21 grounds which it alleged warranted Carbone's termination from employment.
A breach of an employment contract relating to performance of services is deemed to have accrued where failure of performance occurred. See Sagaz Industries, Inc. v. Martin, 706 So.2d 374 (Fla. 5th DCA 1998), rev. denied, 717 So.2d 537 (Fla.1998); Precision Software, Inc. v. Gauthier, 605 So.2d 592 (Fla. 2d DCA 1992). In the employment agreement, the parties designated Miami as the place where Carbone would primarily perform his employment duties. The plaintiffs concede that the alleged breach relates to Carbone's lack of performance under the employment agreement. If Carbone failed in the performance of said duties, the failure of performance occurred where such performance was primarily due, in Miami-Dade County.
The plaintiffs argue that the cause of action for breach of the employment contract could also have accrued in Orange County, based in large part on the fact that the employer as well as Carbone's supervisor were located in Orange County. If this is correct the plaintiffs would then have the choice of where to file suit and having filed first, venue would be proper in Orange County.[3] Under the plaintiffs' rationale, *1220 nearly every breach of an employment contract relating to performance of services would be deemed to arise in the county where the employer is located as well as in the county where the performance was to occur.[4] Suffice it to say, this is not the law of Florida. The cause of action in Count I accrued in Miami-Dade County where the parties agreed that Antonio Carbone's performance was primarily due and not in Orange County.[5]
Does the plaintiffs' joinder of the counts against the Carbones with Count III against ACC properly lay venue of the claims against the Carbones in Orange County?
As a general proposition, if a plaintiff sues several defendants so that venue can be laid in more than one county, the action may be brought in any county where any of the causes of action can be brought or any of the defendants can be sued. §§ 47.021, 47.041, Fla. Stat. But if a natural person is sued with a corporate defendant and the corporate defendant has an office to transact business in the same county where the natural person defendant resides, this general proposition does not apply and venue based on residency is proper only in the county of the joint residence. See Enfinger v. Baxley, 96 So.2d 538 (Fla.1957); Lifemark Hospitals of Florida, Inc. v. Roque, 727 So.2d 1077 (Fla. 4th DCA 1999); Commercial Carrier Corp. v. Mercer, 226 So.2d 270 (Fla. 2d DCA 1969). See Trawick, Fla. Prac. and Proc., § 5-3; Padovano, Florida Civil Practice, § 2.5, p. 38.
Since the cause of action in Count I accrued in Miami-Dade County, the Carbones reside in Miami-Dade County, and ACC has its office in Miami-Dade County, under a joint residence analysis, venue of the claims is proper not in Orange County, but in Miami-Dade County. As enunciated in Enfinger, this joint residency rule is predicated upon the fact that if the natural person defendant was sued alone, said defendant would have the privilege of being sued in the county of its residence. 96 So.2d at 549. The joinder of the corporate defendant who has a place of business in the co-defendant's county of residence should not defeat the latter's venue privilege. Id. See also Sinclair Fund, Inc. v. Burton, 623 So.2d 587 (Fla. 4th DCA 1993).
REVERSED AND REMANDED with instructions to transfer case to Miami-Dade County.
PALMER and ORFINGER, R.B., JJ., concur.
NOTES
[1] While the asset purchase agreement contains a mandatory venue selection provision (designating Orange County), the plaintiffs' lawsuit does not allege breach by the defendants of that agreement. The plaintiffs argue that the employment agreement was an exhibit to the asset purchase agreement and that the venue provision in the asset purchase agreement was incorporated into the employment agreement. However, the employment agreement, which is between Antonio Carbone and Access expressly provides at paragraph 8.3 that it "contains the entire agreement between the parties...."
[2] The defendants inexplicably rely on Tropicana Pools, Inc. v. Brown, 270 So.2d 751 (Fla. 2d DCA 1972) in asserting that paragraph 7 is simply a jurisdiction as opposed to a venue selection clause. In Tropicana the contract provided that "any claim either under this contract or under the warranty hereinabove set forth, shall be brought only in the appropriate Court in Orange County, Florida." The word "venue" was never used. The Browns brought suit in Collier County and Tropicana moved to dismiss for lack of venue. The trial court construed the provision as merely a jurisdiction provision and denied the motion but the appellate court reversed finding the provision related to venue. Numerous decisions have cited Tropicana in enforcing contractual venue selection provisions. See, e.g., Winter v. Kawasaki, 696 So.2d 369 (Fla. 2d DCA 1996); Business Aide Computers, Inc. v. Central Florida Mack Trucks, Inc., 432 So.2d 681 (Fla. 5th DCA 1983); Honea v. Walker Chemical & Exterminating Co., 393 So.2d 1210 (Fla. 5th DCA 1981).
[3] This contention implicates the "first to perfect service" rule adopted in Mabie v. Garden Street Management Corp., 397 So.2d 920 (Fla. 1981). This rule applies where venue is proper in more than one county. CO Motors, Ltd. v. Andrews Automotive Corp., 730 So.2d 417 (Fla. 5th DCA 1999). Because we conclude that venue of the plaintiffs' complaint is only proper in Miami-Dade County, it is unnecessary to consider the defendants' claim that they were essentially tricked by the plaintiffs into delaying the filing of their action in Miami-Dade County.
[4] In Vital Industries, Inc. v. Burch, 423 So.2d 1023 (Fla. 4th DCA 1982), the appellate court found venue of a breach of employment contract action to be in Alachua County, which was where the employer's place of business was located and the employee actually worked. In our case, the two locations differ.
[5] The underlying legal basis of the cause of action against the Carbones in Count II cannot be determined from the complaint. Count II, in seeking a declaratory decree regarding the Carbones alleged right to share in the net sales proceeds of VAV merely references certain e-mails between Sheehan and Antonio Carbone.