885 So.2d 997 (2004)
Larry LEATHERWOOD, Appellant,
v.
CARDSERVICE INTERNATIONAL, INC., Appellee.
No. 4D03-4714.
District Court of Appeal of Florida, Fourth District.
November 3, 2004.
Larry Leatherwood, Pompano Beach, pro se.
No brief filed on behalf of appellee.
WARNER, J.
The trial court dismissed for improper venue appellant Larry Leatherwood's complaint alleging credit slander and fraud. The court based its dismissal on a term in a contract between appellee, Cardservice International, and No More to Big Oil, Inc., a corporation owned by Leatherwood. It concluded that Leatherwood was bound by the venue provision of the contract. Because no evidence was produced to support the trial court's ruling, we reverse.
Leatherwood, a Florida resident, is president of No More to Big Oil, Inc., a Florida corporation. On behalf of No More, Leatherwood entered into a contract over the internet with Cardservice, a California corporation, by which Cardservice was to process credit transactions on behalf of No More.
At some point, Leatherwood cancelled the contract, and Cardservice attempted to collect unpaid monies from Leatherwood personally. It alleged that Leatherwood was personally liable for the debts of No More as he personally guaranteed the merchant's obligations contained in the contract. Eventually, Cardservice reported him to a collection agency. Leatherwood paid the debt and then filed suit against Cardservice in which he alleged that No More paid Cardservice by direct billing. Despite having no personal liability for No More's debts, Cardservice fraudulently induced Leatherwood to pay No More's debts. When the debts were not *998 paid, Cardservice reported false information to the credit bureaus regarding Leatherwood personally. Leatherwood demanded damages for injury to his credit reputation.
Cardservice filed a motion to dismiss, alleging improper venue based upon a provision in the contract which stated:
This agreement shall be construed in accordance with, and governed by, California law as applied to contracts that are executed and performed entirely in California. The parties agree that any suit, action, or proceeding arising out of or relating to this Agreement, or the interpretation, performance or breach of this Agreement, shall be instituted in any court of the State of California located in Los Angeles County. Each party irrevocably submits to the jurisdiction of those courts and waives all objections to jurisdiction or venue that it may have under the laws of the State of California or otherwise in those courts in any suit, action, or proceeding. The parties expressly stipulate, consent to and agree that the specific geographic location as the place of performance of this Agreement, in its entirety, shall be within the county of Los Angeles in the State of California. By this special contract, the exclusive venue for any action between them shall be within the county of Los Angeles in the State of California.
At the hearing, Cardservice explained that the contract, which had not been attached to the complaint, was entered into by Leatherwood when he clicked on the "I accept" button online. It alleged Leatherwood personally guaranteed the contract and was therefore personally liable for any debts. Leatherwood admitted that No More had accepted goods and services from Cardservice, but denied that he guaranteed the contract as he had not personally signed anything. The court granted the motion to dismiss, finding that Florida was an improper venue and the case should be refiled in California.
The Second District explained the applicable legal principles that govern this venue dispute in Loiaconi v. Gulf Stream Seafood, Inc., 830 So.2d 908, 909-10 (Fla. 2d DCA 2002):
The right to initially select venue belongs to the plaintiff. Velez v. Mell D. Leonard & Assocs., Inc., 338 So.2d 896, 897 (Fla. 2d DCA 1976). It is the defendant's burden to plead and prove that venue is improper. Id. That burden is not met where a defendant files an unsworn motion and does not present affidavits or other sworn proof in support of the motion. Davis v. Fla. Power Corp., 492 So.2d 829, 829-30 (Fla. 2d DCA 1986); Magee v. Liberty Mut. Ins. Co., 366 So.2d 827 (Fla. 4th DCA 1979). Moreover, while a trial court has broad discretion in dealing with matters of venue, the party challenging venue must provide a sufficient factual basis for the exercise of that discretion. Groome v. Abrams, 448 So.2d 82, 83 (Fla. 4th DCA 1984).
A motion by the defendant to dismiss or transfer on the ground of improper venue raises issues of fact and must be resolved by an evidentiary hearing, unless the face of the complaint demonstrates venue is improper. Kinetiks.Com, Inc. v. Sweeney, 789 So.2d 1221, 1223 (Fla. 1st DCA 2001). Here, Leatherwood's complaint alleged that he had no personal liability of any sort regarding the agreement between No More and Cardservice, and no evidence was offered at the hearing on the motion to dismiss for improper venue. The contracts submitted to the court did not resolve this issue. Therefore, the court erred in dismissing the case for improper venue without an evidentiary hearing to resolve disputed issues of fact.
Moreover, Leatherwood's cause of action did not involve matters relating to the *999 agreement "or the interpretation, performance or breach of [the] Agreement." Instead, the cause of action alleged actions taken by Cardservice against Leatherwood personally to slander his credit reputation and fraudulently force him to pay No More's debts. According to the complaint, No More and Cardservice were the parties to the agreement and bound by the terms of the agreement. Leatherwood was not listed as a party.
While Cardservice suggested Leatherwood was a third party beneficiary of the agreement, nothing in the complaint or even in the agreement attached to the motion to dismiss would support this contention. Nothing in the record shows that Leatherwood personally received a benefit under the contract so as to be bound as a third party beneficiary. Cardservice also suggested that Leatherwood personally guaranteed the contract, but it presented no evidence to substantiate that claim.
For these reasons, we reverse the dismissal of the complaint for improper venue and remand for further proceedings. An evidentiary hearing is required on the motion to dismiss for improper venue.
STONE, J., and BRYAN, BEN L., JR., Associate Judge, concur.