GRIFFIN, J.
A-Ryan Staffing Solutions, Inc. [“A-Ryan”], one of several defendants below, appeals an order denying its motion to *1001 change venue from Lake County to Seminole County, Florida. We conclude that venue in Lake County is improper and reverse.
Ace Staffing Management Unlimited, Inc. [“Ace”] is a temporary staffing agency with its principal place of business in Lake County, Florida. This case arises out of a non-compete agreement between Ace and one of its employees, Kenneth Dwayne Ary [“Ary”]. The agreement prohibited Ary, upon the termination of his employment, from competing with Ace by various means, including by accepting employment with any of its competitors, contacting any of its customers, or disclosing confidential information about the business.
Ace terminated Ary’s employment in September 2004. The company brought this suit against Ary and A-Ryan in Lake County, Florida, although Ary was a resident of Seminole County, Florida and A-Ryan has its only office in Orange County, Florida. Venue on all counts was laid in Lake County pursuant to paragraph 19 of the non-compete agreement, which states:
19. Governing Law/Venue. This Agreement shall be governed in accordance with the laws of the State of Florida and venue for all proceedings related hereto is agreed to be in Lake County, Florida.
The complaint, as amended, contains five counts. The counts against Ary sought both injunctive relief (count I) and damages (count II) for violations of the non-compete contract signed by Ary. A-Ryan was sued for damages for tortious interference with Ary’s contract (count III), for injunctive relief against further violations of Ary’s non-compete agreement (count IV), and for damages for a civil conspiracy between Ary and A-Ryan designed to avoid the provisions of Ary’s non-compete (count V). The complaint also alleged that A-Ryan is the alter ego of Ary and that the company was created to allow him to engage in business activities prohibited by the non-compete agreement.
A-Ryan moved to dismiss or transfer for improper venue. It argued that because it was not a party to the non-compete agreement, the agreement could not be used to support venue in Lake County, and that venue against A-Ryan could not be had in Lake County as the company had no office there. An affidavit attached to the motion established that A-Ryan has an office in Orange County, Florida; that the company does not do business in Lake County, Florida and has no office in Lake County, Florida; and that A-Ryan was not a party to Ary’s non-compete agreement.
At the hearing on A-Ryan’s motion, the only evidence presented by Ace was directed to Ace’s theory that A-Ryan was the alter ego of Kenneth Ary, so that venue for A-Ryan should lie in the same place as venue against Mr. Ary under his agreement with Ace. No evidence was presented indicating that there had been a disregard of the corporate entity; rather, Ace offered evidence that A-Ryan had been started by Ary’s wife, Sabrina Ary, and one of his good friends, Ryan Harvey, shortly after Ary was terminated by Ace. They claim that the business is run by Sabrina and Harvey, that Ary is not involved in the business, and that Ary is employed by an unrelated company. The parties denied that Ary had given them information on former customers, although Sabrina said she knew some of the customers he had previously serviced for Ace. A-Ryan is currently servicing some of Ace’s former accounts, but Ryan claims that he found these customers simply by stopping at job sites in his area. Ary admitted that he had called a former client following his termination by Ace about doing business with A-Ryan. The client confirmed that he had signed a rate agreement with A-Ryan, but said he had never used the *1002 company. A-Ryan is run out of Ryan’s home, which Ryan indicated in his affidavit is located in Orange County. The Arys, by contrast, live in Seminole County.
After presentation of the evidence, counsel for A-Ryan argued that the action had to be brought in Orange or Seminole Counties based on section 47.051, Florida Statutes (2002):
Actions against domestic corporation shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located....
A-Ryan’s only offices were in Orange County, and the corporation was doing business only in Orange or Seminole County. Ace argued that the convenience of the parties required venue to be laid in Lake County, where Mr. Ary had agreed suit would be brought. It also argued that the company, A-Ryan, was merely a front for Mr. Ary, so that it should also be subject to suit in Lake County. Finally, Ace argued that where multiple defendants were involved in an action, suit could be brought against all defendants where suit against any one defendant could be brought.
The court denied A-Ryan’s motion to dismiss or transfer for improper venue, relying' on the “general proposition” that “if a plaintiff sues several defendants so that venue can be laid in more than one county, the actions may be brought in any county where any of the causes of action can be brought or any of the defendants sued.” Because Ace was entitled to sue Mr. Ary in Lake County based on the venue provision contained in the non-compete contract, the court found that A-Ryan could also be sued in Lake County. We disagree.
A-Ryan acknowledges that the non-compete agreement, to which it was not a party, provided that claims against Mr. Ary had to be brought in Lake County, and that, in general, when a plaintiff sues several defendants and venue can be laid in more than one county, a plaintiff is entitled to chose the county in which an action is to be brought. See, e.g., Carbone v. Value Added Vacations, Inc., 791 So.2d 1217, 1220 (Fla. 5th DCA 2001). However, A-Ryan asserts that this general rule is inapplicable where a corporate defendant is sued along with a natural defendant, and the corporate defendant has an office in the same county in which the natural defendant resides. Under these circumstances, venue can be had only in the county of joint residence. In this case, according to A-Ryan, that would mean that the action had to be brought in Seminole County. These principles were expressed in Carbone as follows:
As a general proposition, if a plaintiff sues several defendants so that venue can be laid in more than one county, the action may be brought in any county where any of the causes of action can be brought or any of the defendants can be sued. §§ 47.021, 47.041, Fla. Stat. But if a natural person is sued with a corporate defendant and the corporate defendant has an office to transact business in the same county where the natural person defendant resides, this general proposition does not apply and venue based on residency is proper only in the county of the joint residence. See Enfinger v. Baxley, 96 So.2d 538 (Fla.1957); Lifemark Hospitals of Florida, Inc. v. Roque, 727 So.2d 1077 (Fla. 4th DCA 1999); Commercial Carrier Corp. v. Mercer, 226 So.2d 270 (Fla. 2d DCA 1969). See Trawick, Fla. Prac. and Proc., § 5-3; Padovano, Florida Civil Practice, § 2.5, p. 38.
791 So.2d at 1220.
In Florida, venue against a corporate defendant is generally controlled by section 47.051, Florida Statutes (2002):
*1003 Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located. Actions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located.
Id. (emphasis added). Here, none of the causes of action alleged in the complaint against A-Ryan accrued in Lake County, and this is not argued by any party. Nor is there any property in litigation in Lake County. Finally, A-Ryan does not have or usually keep an office for the transaction of its business in Lake County.
Section 47.021, Florida Statutes (2002), contains the venue alternative which can be applied in cases involving multiple defendants. It would permit A-Ryan to be sued in Lake County if one of its co-defendants resided in Lake County. The statute states:
47.021. Actions against defendants residing in different counties. Actions against two or more defendants residing in different counties may be brought in any county in which any defendant resides.
This statute limits the rights afforded to corporate defendants by section 47.051, in that it subjects a corporate (or individual) defendant to suit in any county in which a co-defendant resides. However, the statute cannot broaden venue alternatives where a corporate defendant and an individual defendant share a common county of residence. See Enfinger v. Baxley, 96 So.2d 538 (Fla.1957).
Enfinger was a personal injury action brought against a corporation and its employee for injuries allegedly sustained by the plaintiff as a result of the employee’s negligence. The accident occurred in Polk County, which was where the individual defendant also resided. The defendant corporation, which was a foreign corporation, had an agent and did business in both Polk and Duval Counties. Suit was filed in Duval County, and the individual defendant objected that he was entitled to be sued in the county of his residence and where the cause of action accrued, as required by then section 46.01, Florida Statutes. The court agreed, explaining:
Section 46.02 places a qualification upon the venue privilege granted to an individual defendant by Section 46.01 and to a corporate defendant by Section 46.04. Inverness Coca-Cola Bottling Co. v. McDaniel, supra, 78 So.2d 100, 102. It gives a plaintiff the right to make the final choice of the forum in which his suit will be tried as between the conflicting interests of defendants whose venue privileges, as granted by Section 46.01 and/or Section 46.04, do not fall within the same county. The applicability of the statute is clear where the venue privileges of the defendants are coequal and not co-existent in the same county. Here, however both defendants ‘reside’ in Polk County, even though the corporate defendant may also be said to ‘reside’ in Duval County. If sued alone, the defendant corporation would have no greater right, under Section 46.04, to be sued in Duval County than in Polk County since it has an agent in both counties; but the individual defendant if sued alone would have the privilege, under Section 46.01, of being sued in Polk County. In this situation, we do not think Section 46.02 should be applied to give to a plaintiff the right to choose the forum in which to bring his suit. ‘The right of a plaintiff *1004 to have an action tried in another county than that in which the defendant has his residence is exceptional, and, if the plaintiff would claim such right, he must bring himself within the terms of the exception.’ Brady v. Times-Mirror Co., 106 Cal. 56, 39 P. 209, 210.
We hold, therefore, that where an individual defendant is joined as a party defendant with a foreign corporation defendant, and the corporate defendant has an agent in the county in which the individual defendant resides, Section 46.02 cannot be applied to defeat the individual defendant’s venue privilege granted by Section 46.01. Cf. Kauffman v. King, supra, 89 So.2d 24, holding that the joinder of non-resident individual defendants does not defeat the resident defendants’ venue privilege granted by Section 46.01.
Id. at 540-541. Thus, based on Enfinger, a corporate defendant and an individual defendant cannot be found to “reside” in different counties for the purposes of section 47.021 if they share a common county of residence.[1]
In this case, Ary and A-Ryan plainly reside in “different” counties within the meaning of Enfinger. Ary is a resident of Seminole County, Florida, while A-Ryan resides in Orange County, where its only office is located. See Aladdin Ins. Agency, Inc. v. Jones, 687 So.2d 937, 938 (Fla. 3d DCA 1997); Commercial Carrier Corp. v. Mercer, 226 So.2d 270 (Fla. 2d DCA 1969). However, section 47.021 does not authorize venue in Lake County since Ary is not a resident of Lake County. This is an essential necessity for venue under the statute, which presupposes that at least one of the defendants resides in the county in which suit was brought.
Ace alternatively argues that venue against A-Ryan nonetheless exists in Lake County under section 47.041, Florida Statutes (2002):
47.041 Actions on several causes of action. — Actions on several causes of action may be brought in any county where any of the causes of action arose. When two or more causes of action joined arose in different counties, venue may be laid in any of such counties, but the court may order separate trials if expedient.
Based on this provision, Ace apparently theorizes that because Ary agreed to venue in Lake County under the non-compete agreement, it was also entitled to bring its claims against A-Ryan in Lake County. The problem with Ace’s argument is that section 47.041 provides for venue in “any county” where any of individual “cause of action arose.” Here, of course, no cause of action actually arose in Lake County; all of the causes of action arose in Orange and/or Seminole County. This includes Ary’s alleged breach of the non-compete *1005 agreement. The facts pled by Ace in the complaint are insufficient to support venue in Lake County.[2]
REVERSED and REMANDED.
SHARP, W., and SAWAYA, JJ., concur.

. See, e.g., Lifemark Hospitals of Florida, Inc. v. Roque, 727 So.2d 1077, 1078 (Fla. 4th DCA 1999)(venue for medical malpractice action arising from injuries allegedly sustained by infant during delivery was proper only in Dade County, where defendant physicians both resided and where hospital in which negligent acts allegedly occurred was located); Walden Leasing, Inc. v. Modicamore, 559 So.2d 656 (Fla. 4th DCA 1990) (action against multiple defendants must be brought in county of joint residency where individual defendant and corporate defendant share residence, although corporation resides in more than one county); Mankowitz v. Staub, 553 So.2d 1299 (Fla. 3d DCA 1989)(individual defendant has right to be sued in county of residence, where foreign corporation shares residence with individual defendant, although it resides in more than one county); Inter-Medic Health Centers, Inc. v. Murphy, 400 So.2d 206 (Fla. 1st DCA 1981)(individual and corporate defendants did not reside in separate counties for purposes of 47.021 where both shared residence in same county).

. Ace's remaining contention that A-Ryan was merely the alter ego of Aiy, and thus bound by the non-compete agreement’s choice of forum, lacks any factual basis in the record.