PER CURIAM.
The issue presented in this appeal is whether the trial court erred in denying appellants’ motion to transfer this case for improper venue. We hold that the trial court erred in denying the motion, as none of appellee’s causes of action accrued in Palm Beach County. We reverse.
Appellee, the beneficiary of a trust set up by her late husband, disputed certain payments and transfers made by the trustees, and she retained appellants to sue the trustees on her behalf. In the engagement agreement with appellants, appellee “agreed to pay [appellants] a percentage of any monies [appellants] recovered.”
Appellee later settled the suit with the trustees. The settlement agreement provided that appellee would receive a $12,000 monthly stipend, a one-time $100,000 payment, a one-time $200,000 transfer for the creation of a new trust, and a $116,500 lump sum to cover appellee’s attorney’s fees. The agreement stated that all funds would be transferred from the trust to appellants’ trust account, and appellants would thereafter give the money to appel-lee. The settlement agreement also contained a forum selection clause, stating that any “dispute concerning the performance or construction” of the agreement shall be brought in Palm Beach County. The trial court approved the settlement agreement and dismissed appellee’s suit against the trustees.
The trust thereafter disbursed the funds to appellants. In tendering payment to appellee, appellants elected to retain a percentage of all funds paid from the trust to appellee through the appellants’ trust account, citing their entitlement to a percentage of all monies recovered on appellee’s behalf. Appellants also retained the $116,500 the trust paid to appellee to reimburse her for her attorney’s fees.
Appellee responded by filing a four-count complaint against appellants in the Fifteenth Judicial Circuit, alleging claims of fraud, breach of fiduciary duty, conversion, and breach of the settlement agreement. Appellants responded by filing a motion to transfer the case to the Eleventh Judicial Circuit. Appellants filed the affidavit of appellant Jonathan Drucker, who averred that appellee executed the engagement agreement in Miami-Dade County, that all transfers into and out of appellants’ trust account occurred in Miami-Dade County, and that the settlement negotiations occurred outside of Palm Beach County. Appellee responded with legal arguments but offered no affidavits or evidence to support her claim that venue was proper in Palm Beach County.
After oral argument and limited testimony, the trial court denied the motion to transfer. The trial court addressed the fraud count alone and held that the presentation of the settlement agreement to the circuit court in Palm Beach County was an act sufficient to make the Fifteenth Judicial Circuit a proper venue for this action. The court declined to address the remaining causes of action. This appeal follows.
Pursuant to section 47.011, Florida Statutes, venue is proper “only in the county where the defendant resides, where the cause of action accrued, or *471 where the property in litigation is located.” [1] “It is the plaintiffs option to select venue in the first instance, and ‘when that choice is one of the three statutory alternatives, it will be honored.’ A party contesting the plaintiffs chosen venue has the burden of clearly proving that the plaintiffs venue selection is improper.” McDaniel Reserve Realty Holdings, LLC v. B.S.E. Consultants, Inc., 39 So.3d 504, 508 (Fla. 4th DCA 2010) (citation omitted). The plaintiff bears the initial burden of alleging facts in the complaint sufficient to demonstrate that the action was filed in the proper venue. Am. Vehicle Ins. Co. v. Goheagan, 35 So.3d 1001, 1003 (Fla. 4th DCA 2010). When a defendant challenges the plaintiffs chosen venue “by filing an affidavit controverting the plaintiffs venue allegations, the burden shifts to the plaintiff to establish the propriety of the venue selection.” Id. If the court ultimately determines that the plaintiffs chosen forum was improper, the court may transfer the case to a county where venue is proper. Fla. R. Civ. P. 1.060(b). On a motion to transfer for improper venue, “[a] trial court’s factual decisions ... are reviewed to determine whether they are supported by competent, substantial evidence or whether they are clearly erroneous. The trial court’s legal conclusions are reviewed de novo.” PricewaterhouseCoopers LLP v. Cedar Resources, Inc., 761 So.2d 1131, 1133 (Fla. 2d DCA 1999) (citations omitted).
The parties here agree that appellants reside or maintain their principal place of business in Miami-Dade County. Likewise, the parties agree that this dispute does not involve real “property in litigation” that could serve as a basis for venue. See Goedmakers v. Goedmakers, 520 So.2d 575, 578-79 (Fla.1988). Thus, venue is proper in Palm Beach County only if one of the causes of action accrued in that jurisdiction or if the parties are bound by a valid forum selection clause laying venue in Palm Beach County.
“For purposes of venue, a tort claim is deemed to have accrued ‘where the last event necessary to make the defendant liable for the tort took place.’ Stated another way, a tort accrues in the county where the plaintiff first suffers injury.” McDaniel, 39 So.3d at 509 (citation omitted). A tort does not accrue until both the wrongful act and the injury have occurred. Id. Appellee was not injured in this case until appellants withheld funds over and above the initial $116,500 as fees. The allegedly wrongful act of withholding appellee’s money occurred at appellants’ offices in Miami-Dade County, where all funds were received and distributed. Contrary to appellee’s claims, appellee was not harmed when the trial court approved the settlement agreement, as appellants did not exercise any authority or control over the money at that time. Moreover, the mere act of transferring money from the trust to appellants’ trust account was not, by itself, a tortious act. None of the alleged torts accrued until appellants refused to send appellee all of the money to which she believed she was entitled, and that act that took place in Miami-Dade County. The trial court’s order denying transfer to the Eleventh Judicial Circuit was error.
With respect to the breach of contract claim, we recognize that forum selection clauses in contracts are “presumptively valid” and will be enforced unless the result would be “unreasonable or unjust.” *472 See Bombardier Capital Inc. v. Progressive Mktg. Grp., Inc., 801 So.2d 131, 134 (Fla. 4th DCA 2001) (citation omitted). This proposition is limited, however, by the “rule in Florida that ordinarily a contract cannot bind one who is not a party thereto or has not in some fashion agreed to accept its terms.” CH2M Hill Se., Inc. v. Pinellas Cnty., 598 So.2d 85, 89 (Fla. 2d DCA 1992); see also Pozo v. Roadhouse Grill, Inc., 790 So.2d 1255, 1260-61 (Fla. 5th DCA 2001) (refusing to enforce a forum selection clause against a nonparty).
The record contains no evidence that appellants were parties to or intended to be bound by the settlement agreement. The agreement imposed no duties nor conferred benefits on appellants. Though the trust agreed to pay $116,500 in attorney’s fees, those funds were to be paid to appel-lee to reimburse her for all costs incurred. Appellants were not specifically entitled to that money. While appellant Drucker signed the settlement agreement, he did so in his capacity as appellee’s counsel as required by Florida Rule of Civil Procedure 1.730(b). Appellee further offered no evidence of consent or consideration which would be necessary to show that appellants intended the settlement agreement to modify the engagement contract. See, e.g., St. Joe Corp. v. McIver, 875 So.2d 375, 381-82 (Fla.2004) (noting that a contract may be modified by a subsequent agreement only if all parties consent and the modification is “supported by proper consideration”). In sum, the forum selection clause in the settlement agreement does not bind appellants in this action.
Because venue is not proper in Palm Beach County for either the tort claims or the contract claim, we reverse the order denying appellants’ motion to transfer and remand with instructions to transfer this case to the Eleventh Judicial Circuit in and for Miami-Dade County.

Reversed and remanded with instructions.

WARNER, LEVINE and CONNER, JJ., concur.

. In a suit against a corporation, the court will look to “where such corporation has, or usually keeps, an office for transaction of its customary business” instead of residence. § 47.051, Fla. Stat. (2010).