GERBER, J.
 

 The issue in this appeal is whether a mandatory forum selection clause contained in a non-compete agreement may be applied to non-signatory parties who are alleged to have interfered with that agreement. We conclude that the mandatory forum selection clause applies to the non-signatories here because: (1) there exists a close relationship between the non-signatories and the signatory who is the subject of the agreement; (2) the non-signatories’ interests are derivative of the signatory’s interests; and (3) the claims involving the non-signatories arise directly out of the agreement.
 

 The facts are these. A martial arts business hired an employee to work in Broward County. The employee signed a non-compete agreement providing that for two years from the date of termination of his employment, he would not engage in the same business within Broward County or within a twenty-five mile radius of Bro-ward County. The agreement also contained a mandatory forum selection clause:
 

 [Employer] and Employee acknowledge and agree that the 17th Judicial [C]ircuit ... in and for Broward County[,] Florida, shall be the venue and exclusive proper forum in which to adjudicate any case or controversy arising either directly or indirectly, under or in connection with this Agreement in the court. Employee agrees not to contest or challenge the jurisdiction or venue of the court....
 

 The employee later resigned and immediately began working for a martial arts business in Delray Beach, which is within a twenty-five mile radius of Broward County. The new employer’s managing member is the employee’s wife. The employee, his wife, and his new employer then filed a declaratory judgment action in Palm Beach County. They sought a determination that the employee’s non-compete agreement with his former employer was unenforceable.
 

 The former employer moved to transfer venue of the action from Palm Beach County to Broward County. The former employer relied on the non-compete agreement’s mandatory forum selection clause. The employee, his wife, and his new employer opposed the motion. They argued that: the employee and his wife resided in Palm Beach County; the new employer maintained its office for the transaction of its customary business in Palm Beach County; and the employee’s wife and his new employer were not subject to the mandatory forum selection clause because they were not signatories to the non-compete agreement.
 

 Before that motion could be heard, the former employer filed an action in Bro-ward County against the employee, his wife, and the new employer. The former employer alleged, in sum, that the employee breached the non-compete agreement and that the employee’s wife and the new employer tortiously interfered with the agreement. The employee, his wife, and his new employer moved to transfer venue of that action from Broward County to Palm Beach County. They raised the same arguments set forth above. They also argued that the former employer’s causes of action arose in Palm Beach County, and that all actions should be in one county to avoid multiple lawsuits and the potential for conflicting results. The former employer opposed that motion by relying on the mandatory forum selection clause.
 

 The Palm Beach County circuit court denied the motion to transfer venue of the
 
 *1129
 
 declaratory judgment action from Palm Beach County to Broward County. Then the Broward County circuit court granted the motion to transfer venue of the breach of contract and tortious interference-related actions from Broward County to Palm Beach County. The courts’ orders were based primarily on the same two grounds: (1) the causes of action arose in Palm Beach County where the employee and his wife resided and where his new employer maintained its office for the transaction of its customary business; and (2) the employee’s wife and his new employer were not signatories to the non-compete agreement. In support of the second ground, the courts relied on
 
 A-Ryan Staffing Solutions Inc. v. Ace Staffing Management Unlimited, Inc.,
 
 917 So.2d 1000 (Fla. 5th DCA 2005).
 

 The employer appealed both orders, and we consolidated the appeals. Because the orders are based on the circuit courts’ legal conclusions, our review is de novo.
 
 See Vrchota Corp. v. Kelly,
 
 42 So.3d 319, 321 (Fla. 4th DCA 2010) (a trial court’s legal conclusions on a motion to transfer venue are reviewed de novo).
 

 We reverse both orders. The forum selection clause clearly is mandatory upon the employee regardless of his residence or where the causes of action arose.
 
 See Golf Scoring Sys. Unlimited, Inc. v. Remedio,
 
 877 So.2d 827, 829 (Fla. 4th DCA 2004) (“[A] forum selection clause is considered mandatory where it requires that a particular forum be the exclusive jurisdiction for litigation concerning the contract.”) (citation and internal quotations omitted). Thus, the issue is whether the mandatory forum selection clause applies to the employee’s wife and his new employer even though they are non-signatories to the non-compete agreement which contains the clause.
 

 We conclude that the forum selection clause applies to the employee’s wife and his new employer. As the fifth district stated in
 
 Deloitte & Touche v. Gencor Industries, Inc.,
 
 929 So.2d 678 (Fla. 5th DCA 2006):
 

 Florida courts have enforced contract terms, including forum selection clauses, against non-signatories.
 
 See, e.g., World Vacation Travel, S.A. v. Brooker,
 
 799 So.2d 410, 412 (Fla. 3d DCA 2001) (forum selection clause against non-signatory proper where the claims [arise] directly out of the agreement and the commercial relationship of the parties);
 
 Tuttle’s Design-Build, Inc. v. Florida Fancy, Inc.,
 
 604 So.2d 873, 873-74 (Fla. 2d DCA 1992) (recognizing that a reasonable forum selection clause would be enforced against a non-signatory). This is particularly true where, as here, there exists a close relationship between the non-signatory and signatory and the interests of the non-signatory are derivative of the interests of the signatory.
 
 See, e.g., XR Co. v. Block & Balestri, P.C.,
 
 44 F.Supp.2d 1296, 1299 (S.D.Fla. 1999) (enforcing forum selection clause against sole shareholder of contracting corporation where the shareholder’s interests in the contract were derivative of the contracting party and the contract inured to the non-signatory’s benefit)....
 

 Id.
 
 at 683 (footnote omitted).
 
 Cf. Citigroup Inc. v. Caputo,
 
 957 So.2d 98, 102 (Fla. 4th DCA 2007) (“[A] non-signatory may invoke a signatory’s forum selection clause where the non-signatory and signatory are related.”) (citing
 
 World Vacation Travel).
 

 The factors which the fifth district identified in
 
 Deloitte
 
 apply here. First, there exists a close relationship between the employee, his wife, and his new employer. Second, the interests of the employee’s wife and his new employer are derivative of the employee’s interests because they
 
 *1130
 
 all stem from whether the non-compete agreement is enforceable. Third, the claims involving the employee’s wife and his new employer arise directly out of the non-compete agreement.
 

 The case upon which the circuit courts primarily relied,
 
 A-Ryan,
 
 is not applicable. That case involved a
 
 pet-missive
 
 forum selection clause.
 
 See A-Ryan,
 
 917 So.2d at 1001 (“This Agreement shall be governed in accordance with the laws of the State of Florida and venue for all proceedings related hereto is
 
 agreed to be
 
 in Lake County, Florida.”) (emphasis added);
 
 Golf Scoring,
 
 877 So.2d at 829 (“Generally, a forum selection clause ‘will be considered permissive where it lacks words of exclusivity.’ ”) (citation omitted). The fifth district apparently recognized that the forum selection clause in
 
 A-Ryan
 
 was permissive because the court decided that case only upon its analysis of the statutory grounds set out in chapter 47 of the Florida Statutes without further discussing the forum selection clause.
 
 Id.
 
 at 1002-05. We surmise that if the forum selection clause in
 
 A-Ryan
 
 had been mandatory, then the fifth district’s decision may have been different based on that court’s precedent.
 
 See Hughes Supply, Inc. v. Lupton,
 
 487 So.2d 429, 431 (Fla. 5th DCA 1986) (“A contractual waiver of venue privileges encompasses the ground of convenience as well as other statutory grounds set out in Chapter 47.”).
 

 The employee, his wife, and his new employer argue that our opinions in
 
 Leatherwood v. Cardservice International, Inc.,
 
 885 So.2d 997 (Fla. 4th DCA 2004), and
 
 Drucker v. Duvall,
 
 61 So.3d 468 (Fla. 4th DCA 2011), are applicable to this case. We disagree. In
 
 Leatherwood,
 
 the circuit court granted a defendant’s motion to dismiss based on a forum selection clause in a contract. 885 So.2d at 998. We reversed, reasoning that the plaintiffs cause of action did not involve matters relating to the contract.
 
 Id.
 
 at 998-99. Similarly, in
 
 Drucker,
 
 the circuit court denied a motion to transfer venue based on a forum selection clause in a contract. 61 So.3d 468 at 470, 471. We reversed, reasoning that the plaintiffs causes of action arose from a separate contract, not the contract which included the forum selection clause.
 
 Id.
 
 at 471, 472. Here, however, all of the causes of action in both suits arise from the non-compete agreement which contains the forum selection clause.
 

 The employee, his wife, and his new employer argue that even if we were to conclude that the employee’s wife and his new employer were subject to the forum selection clause, we should decline to enforce the clause because it is unreasonable and overreaching as to the employee. Specifically, they argue that the former employer knowingly made fraudulent misrepresentations to the employee to procure his signature upon the non-compete agreement. However, “when one ‘seeks to void a forum selection clause on the basis of fraud, it must be demonstrated that the clause itself is the product of fraud.’ ”
 
 Bombardier Capital Inc. v. Progressive Mktg. Grp., Inc.,
 
 801 So.2d 131, 135 (Fla. 4th DCA 2001) (citation omitted). Here, the employee, his wife, and his new employer have not demonstrated that the forum selection clause itself was the product of fraud. They also have not shown that “the contractual forum will be so gravely difficult and inconvenient that [they] will for all practical purposes be deprived of [their] day in court.”
 
 Manrique v. Fabbri,
 
 493 So.2d 437, 440 n. 4 (Fla.1986) (quoting
 
 M/S Bremen v. Zapata Off-Shore Co.,
 
 407 U.S. 1, 18, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)).
 

 Based on the foregoing, we reverse the orders on appeal and remand for the Palm Beach County circuit court to transfer ven
 
 *1131
 
 ue of both actions to the Broward County circuit court.
 

 Reversed and remanded.
 

 STEVENSON and TAYLOR, JJ„ concur.