SUAREZ, J.
Appellant EverBank, a federal savings bank, appeals the trial court’s Order denying EverBank’s motion to enforce a venue selection provision in a settlement agree *542 ment, which would require issues from the present litigation to be tried in an entirely separate action pending in Osceola County, and which granted Appellee Mintz Trupp-man, P.A.’s, motion to intervene. We reverse that portion of the trial court’s Order denying enforcement of the venue provision and affirm the remainder of the Order.
In 2004, Atlantic Hospitality of Florida, LLC [Atlantic] sustained a loss to a hotel it owned in Osceola County. In 2009, Atlantic sued its insurance carrier, General Star Indemnity Company, in Miami-Dade County Circuit Court to recover monies it claimed were owed under the policy of insurance due to the loss. Atlantic was represented in the Miami-Dade County action by the law firm of Mintz Truppman, P.A.
Also in 2009, EverBank brought a foreclosure action against Atlantic in Osceola County on the mortgage it held on the hotel. In 2012, the foreclosure action was settled. EverBank and Atlantic entered into a Stipulated Settlement Agreement in which Atlantic assigned to EverBank “50% of the net proceeds awarded for damages” in the General Star litigation pending in Miami-Dade County. EverBank and Atlantic are the only parties to, and the only two signatories of, the Stipulated Settlement Agreement.
The Stipulated Settlement Agreement contained the following venue provision:
(G) Venue. This Agreement shall be interpreted in accordance with the laws of the State of Florida. In the event of litigation, Osceola County shall be deemed the venue.
In May 2013, the General Star litigation settled and the proceeds were placed in the Mintz Truppman P.A. trust account. EverBank subsequently demanded 50% of the net proceeds of the General Star settlement and objected to any disbursements of the settlement proceeds. At the same time, East Coast Public Adjusters, Inc. and East Coast Appraisers also demanded a portion of the General Star settlement money.
In July 2013, Atlantic brought in Miami-Dade County Circuit Court the present declaratory action against EverBank and the East Coast entities. Atlantic is seeking a declaration that the 50% provision of the Stipulated Settlement Agreement does not entitle EverBank to any of the General Star settlement proceeds and also claims that the East Coast Entities are not entitled to any more money from the settlement. The trial court permitted Mintz Truppman, P.A. to intervene in the declaratory judgment action.
EverBank moved to dismiss, arguing that the venue provision of the Stipulated Settlement Agreement required that all of the causes of action had to be brought in Osceola County. After an extensive hearing, the trial court denied EverBank’s motion citing to Manrique v. Fabbri, 493 So.2d 437, 440 (Fla.1986) and Ware Else, Inc. v. Ofstein, 856 So.2d 1079, 1082 (Fla. 5th DCA 2003). The trial court determined that although the venue clause was mandatory, in this situation it would be unreasonable and unjust to the other parties to have to litigate in Osceola County, and that the entire matter should remain in Miami-Dade County Circuit Court. We reverse in part and affirm in part.
We reverse that portion of the trial court’s Order denying enforcement of the venue provision of the Stipulated Settlement Agreement. The agreement contains a venue provision stating, in pertinent part: “in the event of litigation, Osceola County, Florida shall be deemed the venue.” We agree with EverBank that, as to the dispute between Ever-Bank and Atlantic concerning the 50% *543 provision of the Stipulated Settlement Agreement, the venue selection clause is mandatory. Espresso Disp. Corp. v. Santana Sales & Mktg. Group, Inc., 105 So.3d 592 (Fla. 3d DCA 2013). Further, no compelling reason exists for not enforcing the venue provision as to those two parties. Manrique, 493 So.2d at 437 (Fla.1986).
In light of the venue provision, we conclude that the dispute between EverBank and Atlantic concerning the interpretation of the provision in the Stipulated Settlement Agreement assigning EverBank “50% of the net proceeds awarded for damages” in the General Star litigation should be determined in Osceola County as agreed to by EverBank and Atlantic.[1]
We affirm the remainder of the trial court’s Order requiring all other issues remain in the Circuit Court of Miami-Dade County for resolution and allowing the intervention of Mintz Truppman, P.A.[2] The other issues in the Miami-Dade County action are between parties that did not sign the Stipulated Settlement Agreement and raise questions as to which of these parties is entitled to how much money out of the General Star settlement. These issues arise out of a completely separate contract, the insurance policy between General Star and Atlantic, and not out of the Stipulated Settlement Agreement, the only contract that has the Osceola County venue provision. No issue between these parties concerns the interpretation of the Stipulated Settlement Agreement. As the causes of action do not involve matters relating to the Stipulated Settlement Agreement and as these parties are not signatories to that agreement, the venue provision does not apply. Drucker v. Duvall, 61 So.3d 468, 471-72 (Fla. 4th DCA 2011); Leatherwood v. Cardservice Int’l, Inc., 885 So.2d 997 (Fla. 4th DCA 2004).
Accordingly, we reverse the portion of the Order on appeal which effectively refused to enforce the venue provision of the Stipulated Settlement Agreement and which attempted to stay the proceedings in Osceola County.
We affirm as to all other issues on appeal.

. It appears Atlantic is arguing that the proceeds obtained in settlement of the General Star litigation are not an “award” as required by the Stipulation as they are the product of a settlement. This is not an issue in this appeal and we do not address the merits of the argument.

. We agree with the trial court’s findings but for different reasons. Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 645 (Fla.1999) (discussing the "tipsy coachman” rule).