IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

TURNKEY PROJECTS RESOURCES,
ETC., ET AL.,

      Appellants,

 v.                                        Case No. 5D15-2784

AMR T. GAWAD A/K/A
AMR ABDEL-GAWAD, ET AL.,

      Appellees.

_____/

Opinion filed August 12, 2016

Appeal from the Circuit Court
for Orange County,
Lisa T. Munyon, Judge.

Jennifer R. Dixon, and Jason Ward
Johnson, and David E. Peterson of
Lowndes, Drosdick, Doster, Kantor & Reed,
P.A., Orlando, for Appellants.

Amr T. Gawad, Windermere, pro se.

No appearance for remaining Appellees.

EVANDER, J.

      Turnkey Projects Resources Limited and Ancient International Infrastructures

Limited ("Appellants") appeal the trial court's final order dismissing its lawsuit against

Camber Trading Ltd., Exchange Group, LLC, and Amr T. Gawad based upon the

application of mandatory forum selection clauses in two contracts executed by Appellants and Camber. We affirm, in part, and reverse, in part.

Appellants are Nigerian companies that entered into two related agreements with Camber regarding the funding for a hotel project in Nigeria. The agreements contained forum selection clauses that required any litigation arising out of, or relating to, the agreements to be instituted in Lagos, Nigeria.

Pursuant to the agreements, Appellants were to make a $5 million cash equity contribution for the project and Camber was to raise an additional $75 million. In its six-count complaint, Appellants alleged that they paid their $5 million contribution into an escrow account, but that Camber never performed its corresponding contractual obligations. Appellants further alleged that Camber, Exchange Group, and Gawad converted, or otherwise fraudulently misappropriated, the $5 million that Appellants placed into escrow. We affirm the trial court's dismissal of Counts I – IV because those counts relate to Camber's alleged non-performance of its contractual obligations (Counts I – III) or the alleged fraudulent misrepresentations made to induce Appellants to enter into the aforesaid agreements (Count IV). *See Aqua Sun Mgmt., Inc. v. Divi Time Ltd.*, 797 So. 2d 24, 24-25 (Fla. 5th DCA 2001) ("As a general principle, a trial court must honor a mandatory forum selection clause in a contract in the absence of a showing that the clause is unreasonable or unjust."); *see also McDonald v. Amacore Grp., Inc.*, No. A-1293-10T2, 2012 WL 2327727, at *4-5 (N.J. Super. Ct. App. Div. June 20, 2012) (holding that plaintiff's fraudulent inducement claim was subject to mandatory forum selection clause requiring litigation in Florida of any claims or disputes arising from employment agreement). We further affirm, without discussion, the trial court's dismissal of Camber (a

2

limited company incorporated in the United Kingdom) from the lawsuit. We conclude, however, that the trial court erred in dismissing the conversion (Count V) and fraudulent transfer (Count VI) counts brought against Exchange Group (a Florida company) and Gawad (a Florida resident).

Exchange Group and Gawad were not signatories to the two agreements between Appellants and Camber. Nonetheless, a mandatory forum selection clause can apply to non-signatories where: (1) there exists a close relationship between the non-signatories and the signatory who is the subject of the agreement; (2) the non-signatories' interests are derivative of the signatory's interests; and (3) the claims involving the non-signatories arise directly out of the agreement. *E. Coast Karate Studios, Inc. v. Lifestyle Martial Arts, LLC*, 65 So. 3d 1127, 1129-30 (Fla. 4th DCA 2011). Here, the claims brought in Counts V and VI are not based on the alleged performance or non-performance of a contract, but are tort-based counts in which Exchange Group and Gawad are alleged to have converted, or fraudulently misappropriated, escrowed monies. These counts do not arise directly out of the agreements. Thus, the forum selection clauses do not preclude Appellants from bringing these claims in a Florida court. *See, e.g.*, *Leatherwood v. Cardservice Int'l, Inc.*, 885 So. 2d 997, 999 (Fla. 4th DCA 2004) (determining that president of corporation would not be bound by forum selection clause in contract between corporation and defendant, if president was non-signatory to contract and cause of action was in tort and did not involve matters relating to interpretation, performance, or breach of contract; remanded for evidentiary hearing).

We conclude that Appellants are entitled to proceed on those claims brought against Exchange Group and Gawad in Counts V and VI of their complaint, but otherwise affirm the trial court's order.

AFFIRMED, in part; REVERSED, in part; REMANDED.

PALMER and BERGER, JJ., concur.