DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MIAMI BEACH HEALTHCARE GROUP, LTD.,** et al.,
Appellants,

v.

**ROBERT BRUCE DONOWAY, M.D.,**
Appellee.

No. 4D2025-3177

[June 24, 2026]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. 062024CA014846AXXXCE.

Martin Barry Goldberg, Jonathan Eric Siegelaub, and Clark Sigman Splichal of Lash Goldberg Fineberg LLP, Miami, for appellants.

David Di Pietro and Lisandra Estevez of Di Pietro Partners, PLLC, Fort Lauderdale, for appellee.

SHAW, J.

This appeal arises from the circuit court's denial of the defendants' motion to transfer. This matter boils down to one issue: where the cause of action accrued for venue purposes. The parties dispute that location – the plaintiff says Broward County, where his medical practice is located; the defendants say Miami-Dade County, where the plaintiff lost his medical staff privileges. The defendants are correct. For the reasons discussed more fully below, we reverse the denial of the defendants' motion to transfer, and remand for the circuit court to transfer the case to the Eleventh Judicial Circuit in and for Miami-Dade County.

## I. BACKGROUND

The plaintiff is a surgical oncologist. This litigation arises from the suspension and eventual revocation of his medical staff privileges at Aventura Hospital, which occurred after a peer review investigation. Aventura Hospital is located in Miami-Dade County.

Upon revocation of the plaintiff's medical privileges, he was no longer able to perform surgeries for patients at Aventura Hospital. The amended complaint alleges eight counts, involving injunctive relief to prevent the hospital from reporting any suspension or revocation of the plaintiff's privileges, declaratory relief regarding the hospital's bylaws and credentials policy, breach of contract, constructive fraud, and common law fraud.

## II.    STANDARDS OF REVIEW

On a motion to transfer for improper venue, "[a] trial court's factual decisions . . . are reviewed to determine whether [those decisions] are supported by competent, substantial evidence or ... are clearly erroneous. The trial court's legal conclusions are reviewed de novo." *Drucker v. Duvall*, 61 So. 3d 468, 471 (Fla. 4th DCA 2011) (quoting *PricewaterhouseCoopers LLP v. Cedar Res., Inc.*, 761 So. 2d 1131, 1133 (Fla. 2d DCA 1999)).

## III.    DISCUSSION

Pursuant to section 47.011, Florida Statutes (2024), actions can be brought "only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located." While the plaintiff bears the initial burden of alleging facts in the complaint sufficient to support venue, the party contesting venue "has the burden of clearly proving that the plaintiff's venue selection is improper." *McDaniel Reserve Realty Holdings, LLC v. B.S.E. Consultants, Inc.*, 39 So. 3d 504, 508 (Fla. 4th DCA 2010) (citing *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Nat'l Bank of Melbourne & Trust Co.*, 238 So. 2d 665, 667 (Fla. 4th DCA 1970)). "When a defendant challenges the plaintiff's chosen venue 'by filing an affidavit controverting the plaintiff's venue allegations, the burden shifts to the plaintiff to establish the propriety of the venue selection.'" *Drucker*, 61 So. 3d at 471 (quoting *Am. Vehicle Ins. Co. v. Goheagan*, 35 So. 3d 1001, 1003 (Fla. 4th DCA 2010)). If the plaintiff filed the action in the wrong venue, the court may transfer the case to a county where venue is proper. *See* Fla. R. Civ. P. 1.060(b).

Here, the parties agree that the dispositive venue question is where the cause of action accrued. Venue is proper in the plaintiff's chosen forum of Broward County only if one of the causes of action in the amended complaint accrued in that jurisdiction. We find none did. Instead, each cause of action accrued in Miami-Dade County.

The parties dispute where the tort claims accrued, though they agree the remaining claims accrued in Miami-Dade County. "For purposes of

2

venue, a tort claim is deemed to have accrued 'where the last event necessary to make the defendant liable for the tort took place.' Stated another way, a tort accrues in the county where the plaintiff first suffers injury." *Drucker*, 61 So. 3d at 471 (quoting *McDaniel*, 39 So. 3d at 509). The defendants argue that Miami-Dade County is the proper venue because the alleged torts center around the plaintiff's loss of his medical staff privileges at Aventura Hospital, following a peer review investigation at that hospital. The plaintiff contends that Broward County is the proper venue because the actual injury alleged is not the loss of hospital privileges in Miami-Dade County, but the economic and professional damage that followed—lost income, lost patients, and damage to his medical practice in Broward County.

We have reviewed the amended complaint. Ultimately, the allegations establish that the plaintiff's injuries stem from the hospital's investigation of the plaintiff's treatment of his patients at the hospital, the peer review process that followed at the hospital, and the eventual revocation of his privileges at the hospital, when the alleged tortious conduct was complete.

All this conduct occurred in Miami-Dade County. In challenging the plaintiff's venue choice, the defendants presented the affidavit of David LeMonte, Aventura Hospital's CEO (the "LeMonte Declaration"). Therein, LeMonte stated that given his firsthand knowledge of the peer review process involving the plaintiff and the allegations included in the amended complaint, he could attest that all the events triggering the peer review process, and all aspects of the process itself, occurred exclusively at the hospital in Miami-Dade County. LeMonte further attested that the initiation, investigations, decisions, attendant activities, and hearing related to the peer review process involving the plaintiff occurred at the hospital in Miami-Dade County. Notably, the plaintiff did not submit any evidence, nor testify at the hearing, on the motion to transfer. The record is devoid of any facts that would refute the LeMonte Declaration.

Accordingly, we find that the tort claims accrued in Miami-Dade County. *See Fontana v. Hugo Int'l, Inc.*, 781 So. 2d 433, 435 (Fla. 3d DCA 2001) ("The alleged overt tortious acts were all committed in California. The tortious conduct was complete at that time. The fact that Hugo suffered loss of income in its headquarters in Miami–Dade County is immaterial."). The circuit court erred in finding connections to Broward that would support venue in that jurisdiction.

## IV.    CONCLUSION

For the foregoing reasons, we reverse the circuit court's order denying the motion to transfer.  We remand with instructions for the circuit court to transfer this case to the Eleventh Judicial Circuit in and for Miami-Dade County.

*Reversed and remanded with instructions.*

CONNER and KLINGENSMITH, JJ., concur.

\*          \*          \*

***Not final until disposition of timely-filed motion for rehearing.***

4